PEOPLE v SCHUT

Docket No. 256377. Submitted February 9, 2005, at Grand Rapids. Decided March 17, 2005, at 9:00 a.m. Leave to appeal sought.

Cory J. Schut was charged in the 56B District Court with second-degree murder, operating a motor vehicle with a revoked license and causing death, and failing to stop at the scene of an accident involving death after he struck a snowmobile with his truck while driving with a revoked license. The defendant's counsel argued that because the victim caused the accident resulting in her death, causation could not be attributed to the defendant under MCL 257.904(4), the statute that makes it a felony to operate a motor vehicle while having a suspended or revoked license and by operation of that motor vehicle cause the death of another person. The district court, Gary R. Holman, J., concluded that even though the defendant did not cause the accident, the vehicle he was operating caused the death. The district court dismissed the murder charge and bound the defendant over for trial on the remaining charges. The Barry Circuit Court, James H. Fisher, J., denied the defendant's motion to dismiss the information with respect to MCL 257.904(4), and granted the prosecutor's motion to preclude evidence that the victim was the cause of her own death. The defendant appealed by leave granted.

The Court of Appeals *held*:

The language of MCL 257.904(4) is essentially identical to that of MCL 257.625(4). In *People v Lardie*, 452 Mich 231 (1996), the Michigan Supreme Court interpreted MCL 257.625(4) as requiring proof of a causal link between a defendant's decision to drive while intoxicated and the resulting death. Because *Lardie* is binding authority and identical language within the act must be interpreted the same, MCL 257.904(4) requires a causal link between the revoked or suspended license and the death, and does not impose a penalty for an unavoidable death when the wrongful decision to drive had no bearing on the death that resulted.

Reversed and remanded for further proceeding.

FITZGERALD, J., concurring in part and dissenting in part, agreed that MCL 257.904(4) requires a causal link between the revoked license and the death under the authority of *Lardie*, but would

hold the case in abeyance pending the Supreme Court's decision in cases on appeal in which it has ordered the parties to address the issues decided in *Lardie* that form the basis for the majority's holding in this case.

CRIMINAL LAW — AUTOMOBILES — REVOKED OR SUSPENDED LICENSES — DEATH.

The statute that makes it a felony to operate a motor vehicle while having a revoked or suspended license and by operation of that motor vehicle cause the death of another person requires a causal link between the revoked or suspended license and the death that resulted; the statute does not impose a penalty for an unavoidable death when a person's wrongful decision to drive with a revoked or suspended license had no bearing on the death that resulted (MCL 257.904[4]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Gordon Shane McNeill*, Prosecuting Attorney, and *Eric Restuccia*, Assistant Attorney General, for the people.

*Law, Weathers & Richardson, P.C.* (by *Terry E. Tobias* and *Gregory N. Longworth*), for the defendant.

Before: SCHUETTE, P.J., and FITZGERALD and BANDSTRA, JJ.

SCHUETTE, P.J. In this interlocutory appeal, defendant, Cory Jo Schut, appeals by leave granted the circuit court's orders denying his motion to dismiss the information with respect to a charge of driving with a revoked license and causing death, MCL 257.904(4), and granting the prosecutor's motion to preclude evidence that the victim was in fact the cause of her own death. We reverse and remand. We do not retain jurisdiction.

## I. FACTS

In January 2004, defendant was driving a pickup truck with snowplowing equipment attached to its

front, even though his driver's license had been revoked. Apparently, he was traveling at normal speeds when the victim crossed the road in front of him while riding a snowmobile. The snowmobile and the truck collided. Defendant did not stop at the scene or report the accident. All indications are that the victim died immediately upon impact with the truck.

The prosecutor charged defendant with second-degree murder, MCL 750.317; operating a motor vehicle with a revoked license and causing death, MCL 257.904(4); and failing to stop at the scene of an accident involving death or serious bodily injury, MCL 257.617. District Judge Gary R. Holman expressly concluded that "even though the Defendant did not cause the accident, the vehicle he was operating did cause the death of [the victim]." The district court dismissed the murder charge, but bound defendant over for trial on the remaining charges.

The defense argued to the district court that because the victim herself had caused the accident resulting in her death, causation could not be attributed to defendant under MCL 257.904(4). The district court rejected this theory. Defendant reiterated his position in trying to persuade the circuit court to dismiss the information on that charge. The circuit court declined to dismiss the information. Trial proceedings have been stayed pending resolution of this interlocutory appeal.

II. STANDARD OF REVIEW

This Court reviews de novo a lower court's denial of a motion to dismiss the information, and determines upon examination of the entire preliminary examination record whether the magistrate abused its discretion when it found probable cause to bind the defendant over for trial. *People v Orzame*, 224 Mich App 551, 557;

570 NW2d 118 (1997). The decision whether to admit evidence is likewise reviewed for an abuse of discretion. *People v Bahoda,* 448 Mich 261, 289; 531 NW2d 659 (1995). Statutory interpretation is a question of law calling for review de novo. *People v Denio,* 454 Mich 691, 698; 564 NW2d 13 (1997).

### III. ANALYSIS

Defendant argues that MCL 257.904(4) requires actual causation, not mere involvement. We agree.

MCL 257.904 provides, in pertinent part:

> (1) A person whose operator's or chauffeur's license or registration certificate has been suspended or revoked and who has been notified . . . of that suspension or revocation, whose application for license has been denied, or who has never applied for a license, shall not operate a motor vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of motor vehicles, within this state.
>
> * * *
>
> (4) A person who operates a motor vehicle in violation of subsection (1) and who, by operation of that motor vehicle, causes the death of another person is guilty of a felony . . . .

Although there is no case law interpreting the causation language in MCL 257.904(4), there is binding precedent interpreting MCL 257.625, a statute that reflects similar organization:

> (1) A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated. . . .
>
> * * *

(4) A person, whether licensed or not, who operates a motor vehicle in violation of subsection (1) . . . and by the operation of that motor vehicle causes the death of another person is guilty of a crime . . . .

Our Supreme Court has held that MCL 257.625(4) applies only if the unlawful intoxication factored substantially into the death in question. *People v Lardie*, 452 Mich 231, 259-260 and n 51; 551 NW2d 656 (1996). In *Lardie*, our Supreme Court ruled that identical language in MCL 257.625(4), operation of a motor vehicle while intoxicated causing death, required proof of causation, i.e., the prosecutor must establish that the particular defendant's decision to drive while intoxicated produced a change in that driver's operation of the vehicle that caused the death. An unavoidable killing is insufficient to justify invoking the statute. *Id.* at 258 and n 48. "Otherwise, the statute would impose a penalty on a driver even when his wrongful decision to drive while intoxicated had no bearing on the death that resulted." *Id.* at 257.

" 'Identical language should certainly receive identical construction when found in the same act.' " *People ex rel Simmons v Munising Twp*, 213 Mich 629, 633; 182 NW 118 (1921) (quoting and adopting the trial court opinion). See also *Empire Iron Mining Partnership v Orhanen*, 455 Mich 410, 426 n 16; 565 NW2d 844 (1997). Our Supreme Court declared in *Lardie* that "[s]tatutes that create strict liability for all of their elements are not favored." *Lardie, supra* at 240. Also, even where a crime is created by statute, criminal intent is ordinarily an element of the crime. *Id.* at 239. However, the Court also stated:

In order to determine whether a statute imposes strict liability or requires proof of a mens rea, that is, a guilty mind, this Court first examines the statute itself and seeks

to determine the Legislature's intent. In interpreting a statute in which the Legislature has not expressly included language indicating that fault is a necessary element of a crime, this Court must focus on whether the Legislature nevertheless intended to require some fault as a predicate to finding guilt. [*Id.* at 239 (citation omitted).]

If the offense in question does not codify the common law and omits reference to the element of intent, this Court will examine the Legislature's intent in enacting the legislation to determine whether there is a *mens rea* requirement. *Id.* at 246. Courts may look to the legislative history of an act, as well as to the history of the time during which the act was passed, to ascertain the reason for the act and the meaning of its provisions. *People v Hall*, 391 Mich 175, 191; 215 NW2d 166 (1974). However, legislative staff analyses and committee reports have limited value. *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 587; 624 NW2d 180 (2001); *In re Complaint of Michigan Cable Telecom Ass'n Against Ameritech Michigan*, 241 Mich App 344, 372-373; 615 NW2d 255 (2000). Although of limited value, the legislative staff analysis of 1998 PA 342[1] indicates that MCL 257.904 was amended to add the language presently found in subsection 4 making a person who operates a motor vehicle with a revoked or suspended license and, by operation of that motor vehicle, causes the death of another person guilty of a felony. This analysis indicates that the purpose of the act was to increase penalties for habitually drunken drivers.[2] This intent is further evinced by the fact that this public act was among a group of public acts that revised the Michigan Vehicle Code to increase criminal

---

[1] Senate Legislative Analysis, SB 268, 269, 625, 627, 869, 870, and 953 and HB 4210, 4576, 4959-4961, 5122, 5123, 5951-5956, January 12, 1999, p 5.

[2] *Id.* at 1-2.

penalties, license sanctions, and other sanctions for drunken driving offenses, including operating a vehicle while under the influence of alcohol or controlled substances, as well as for driving without a license.

The *Lardie* Court noted that MCL 257.625(4) sought to reduce fatalities by deterring drunken driving and concluded, therefore, that the statute must have been designed to punish drivers when their *drunken* driving caused another's death. *Lardie, supra* at 256-257. "Otherwise, the statute would impose a penalty on a driver even when his wrongful decision to drive while intoxicated had no bearing on the death that resulted. Such an interpretation of the statute would produce an absurd result by divorcing the defendant's fault from the resulting injury." *Id.* at 257. The fact that the intent of the legislation in *Lardie* was very similar to the intent of the legislation in the present case indicates that an identical conclusion is warranted.

Binding authority interprets MCL 257.625(4) as requiring a causal link between the intoxication and the death; thus, we interpret MCL 257.904(4) as requiring a causal link between the revoked or suspended license and the death. To find otherwise would mean the statute would impose a penalty on a driver even when his wrongful decision to drive with a revoked or suspended license had no bearing on the death that resulted. We decline to reach such a result.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

BANDSTRA, J., concurred.

FITZGERALD, J. (*concurring in part and dissenting in part*). I concur with the majority's conclusion that MCL 257.904(4) requires a causal link between the revoked

license and the death because this Court is bound by the
Supreme Court's decision in *People v Lardie,* 452 Mich
231; 551 NW2d 656 (1996), which interpreted identical
language in MCL 257.625(4) to require proof of causa-
tion. But the Supreme Court recently granted leave to
appeal in two cases decided by this Court that should
afford the Supreme Court the opportunity to revisit this
issue. See *People v Large,* unpublished opinion per
curiam of the Court of Appeals, issued August 10, 2004
(Docket No. 253261), lv gtd 471 Mich 923 (2004), and
*People v Schaefer,* unpublished opinion per curiam of
the Court of Appeals, issued March 25, 2004 (Docket
No. 245175), lv gtd 471 Mich 923 (2004). The cases are
to be submitted together. The Supreme Court directed
the parties

> to include among the issues to be briefed: (1) whether the
> "substantial" cause language in *People v Lardie,* 452 Mich
> 231 (1996), is consistent with the statute, (2) whether the
> requirement of MCL 257.625(4) that the prosecutor estab-
> lish that the defendant's "operation of that motor vehicle
> causes the death of another person" requires the prosecu-
> tor to establish that the defendant's operation of the motor
> vehicle was affected by his intoxicated state, (3) whether
> the statute obligates the prosecutor to show that the
> defendant's driving at the time of the accident was a
> proximate cause of another person's death, (4) whether it is
> sufficient that the prosecutor establish only that the defen-
> dant decided to drive while intoxicated, and that a death
> resulted, and (5) if so, whether the statute violates the
> Equal Protection Clause of the Michigan Constitution,
> Const 1963, art 1, § 2, or the Equal Protection Clause of the
> United States Constitution, Am XIV, or is otherwise uncon-
> stitutional. [*Schaefer, supra* at 923.]

Because identical language should receive identical
construction when found in the same act, and because
the issue in the present case—whether MCL 257.904(4)
requires proof that a defendant's decision to drive was a

proximate cause of the victim's death or only requires proof that a defendant drove with a revoked license and that a death resulted—may be resolved by the Supreme Court's decision in *Large* and *Schaefer,* I would hold this case in abeyance pending the Supreme Court's decision.