# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

HARLEY DAVIDSON DUROCHER,

        Defendant-Appellant.

UNPUBLISHED
December 22, 2015

No. 322900
Delta Circuit Court
LC No. 13-008805-FH

Before: GADOLA, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals by right from his conviction following a jury trial of two counts each of operating a motor vehicle with a suspended license causing death, MCL 257.904(4), reckless driving causing death, MCL 257.626(4), and operating a motor vehicle while intoxicated causing death, MCL 257.625(4). Defendant was sentenced to concurrent sentences of 5 to 15 years' imprisonment for the operating a motor vehicle with a suspended license causing death convictions, 5 years and 6 months to 15 years' imprisonment for the reckless driving causing death convictions, and 3 to 15 years' imprisonment for the operating a motor vehicle while intoxicated causing death convictions. We affirm.

Defendant first argues that the trial court erred in denying his motion for a directed verdict on the reckless driving causing death charges because there was no evidence of willful or wanton disregard for the safety of others. We disagree. "When reviewing a trial court's decision on a motion for directed verdict, this Court reviews the record de novo to determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt." *People v Aldrich*, 246 Mich App 101, 122; 631 NW2d 67 (2001). Any conflicts in the evidence are to be resolved in favor of the prosecution. *People v Terry*, 224 Mich App 447, 452; 569 NW2d 641 (1997). It is for the jury, not this Court, to assess the credibility of witnesses. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012).

Pursuant to MCL 257.626(2), the prosecutor must prove beyond a reasonable doubt that defendant operated a vehicle "in willful and wanton disregard for the safety of persons or property." See also M Crim JI 15.16(3). Defendant contends that the prosecutor only presented evidence that he operated a vehicle with "significantly faulty brakes," which was insufficient. We disagree with defendant. The record reflects that the prosecution presented evidence which,

when viewed in the light most favorable to the prosecution, would allow a rational trier of fact to conclude that defendant acted with willful and wanton disregard for the safety of others. At the time of the motor vehicle accident at issue, defendant was driving a logging semi-truck. Michigan Motor Carrier Police Officer Erik Kestila testified that none of the brakes on the logging trailer were operative, and that four of the six brakes on the semi-truck were inadequate. According to Kestila, the truck's braking system was operating at a 50% efficiency, which, when considering the road conditions and the type of tires on the logging truck, produced an overall braking efficiency of 39%. In addition, Michigan State Police Sergeant John Bruno, an expert in accident reconstruction, estimated the truck to be 713 feet from the crash site when the northbound traffic light turned yellow. Given the truck's depleted braking capacity, Bruno determined that the truck would have needed approximately 298 feet to stop, assuming it was going 45 miles per hour, as the evidence suggested. However, defendant did not begin to brake until he was 61 feet from the intersection. According to Bruno, this indicated that defendant did not begin to perceive or react to the traffic signals until he was close to the intersection and it was too late to brake. Finally, the prosecution submitted AT&T records relevant to whether phone calls or text messages were made or received by defendant's cell phone around the time of the accident. Viewing this evidence in a light most favorable to the prosecution, a rational trier of fact could find that the crimes charged were proven beyond a reasonable doubt.

Ryan Larson, who was driving with defendant at the time of the accident, testified. He stated that the brakes were in working order when he and defendant began driving. According to Larson, the accident was caused by the traffic signals being poorly timed, not the brakes or inattention by defendant. Finally, according to Larson, defendant never used his phone while driving the truck, but Larson often answered defendant's phone or sent text messages for him. Defendant testified that the timing of the traffic signals caused his inability to stop at the red light. While this evidence certainly could have discredited the evidence presented by the prosecution, this Court will not second guess the jury's assessment of a witness's credibility, *Eisen*, 296 Mich App at 331, and all conflicts in the evidence are to be resolved in favor of the prosecution, *Terry*, 224 Mich App at 452. Accordingly, we reject defendant's claim.

Defendant next argues that the trial court erred in denying his motion for a directed verdict on the operating a motor vehicle while intoxicated causing death charges and the operating a motor vehicle with a suspended license causing death charges because there was no evidence of causation. We disagree.

In regard to operating a motor vehicle while intoxicated causing death, MCL 257.625(4), our Supreme Court has explained that the prosecution need not show a causal link between a defendant's intoxication and the victim's death. *People v Schaefer*, 473 Mich 418, 422; 703 NW2d 774 (2005), mod on other ground*s* by *People v Derror*, 475 Mich 316; 715 NW2d 822 (2006). Accordingly, the prosecution in the instant case was not required to establish beyond a reasonable doubt that the presence of THC[1] in defendant's blood was a substantial cause of the victims' death; it was only required to establish that defendant had "any amount" of THC in his

---

[1] THC is one of the active ingredients of marijuana.

-2-

body when operating the logging truck. The testimony of a forensic toxicologist established this element. We do not agree with defendant's reliance on *People v Feezel*, 486 Mich 184; 783 NW2d 67 (2010). While *Feezel* concluded that causation is a necessary element of every crime, that holding is consistent with *Schaefer*. *Schaefer* explained that MCL 257.625(4) "requires that the defendant's *operation* of the motor vehicle, not the defendant's intoxicated manner of driving, must cause the victim's death." *Sheafer*, 473 Mich at 422.

The same analysis applies to defendant's claim regarding proof of causation between his suspended license and the victims' deaths. We held in *People v Schut*, 265 Mich App 446; 695 NW2d 551 (2005), that the offense of driving with a suspended license causing death required a causal link between the suspended license and the death. However, the Supreme Court reversed this Court's judgment in light of its decision in *Schaefer*, discussed above. *People v Schut*, 474 Mich 865; 703 NW2d 471 (2005). Accordingly, the prosecution was not required to prove a causal link between the death of the victims and the fact that defendant's license was suspended.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood

-3-