PEOPLE, *ex rel.* SIMMONS, *v.* TOWNSHIP OF MUNISING.

1. STATUTES—CONSTRUCTION—ABSURDITY.
   Unless necessary, statutes should not be so construed as to result in absurdity.

2. SCHOOLS AND SCHOOL DISTRICTS—TOWNSHIPS—DISBANDING —STATUTES.
   Act No. 354, Pub. Acts 1919, amending Act No. 117, Pub. Acts 1909, by amending the title and adding a new section providing for the disbandment of township school districts, construed, and *held*, to require sections 1 and 1*a* to be read together in order to determine the details of the method to be applied in disbanding a township school district.

3. STATUTES—LANGUAGE—CONSTRUCTION.
   Adoption of language requires adoption of construction; identical language should receive identical construction when found in the same act.

4. SCHOOLS AND SCHOOL DISTRICTS—TOWNSHIPS—CORPORATE IDENTITY DISTINCT.
   A township school district is as separate and distinct from the township in its legal and corporate identity, even though the territorial limits may be the same, as is one county from another.

5. SAME—ELECTIONS—DISBANDING TOWNSHIP SCHOOL DISTRICT —ELECTORS IN CITY IN DISTRICT ENTITLED TO VOTE.
   Where a village was part of the school district of the township in which it was located, and on incorporating as a city its school status was not changed, it continued a legal part of the township school district by inheritance, and the qualified school electors resident in said city must be counted in determining the sufficiency of a petition for an election for the disbandment of said district, and are entitled to vote upon the proposition under the provisions of Act No. 354, Pub. Acts 1919, amending Act No. 117, Pub. Acts 1909.

Error to Alger; Fead (Louis H.), J. Submitted

January 12, 1921. (Docket No. 106.)    Decided March. 30, 1921.

Quo. warranto proceedings by the people of the State of Michigan, on the relation of David E. Simmons, prosecuting attorney of Alger county, against the township of Munising to determine the legality of an election. Judgment for plaintiff. Defendant brings error. Affirmed.

*C. W. Dunton,* for appellant.

*David E. Simmons,* Prosecuting Attorney, for the people.

STONE, J. In ·this case an information in the nature of a quo warranto was filed in the circuit court for the county of Alger by the prosecuting attorney, under the provisions of section 28 of chapter 38 of the judicature act (3 Comp. Laws 1915, § 13551) to determine the legality of an election held in the township of Munising on May 18, 1920, under the direction of the township board, at which election there was submitted the following question:

, "Shall the township school district of Munising township be disbanded and the township re-districted into separate school districts?"

The said election was claimed to be called and held to determine the above question under and in accordance with the provisions of Act No. 354 of the Public Acts of Michigan for the year 1919. This act amends the title of, and adds a new section to, Act No. 117 of the Public Acts of 1909. The title of the act as amended reads as follows:

"An act to provide for the organization and disbandment of township school districts in the State of Michigan."

The amendment of the title consisted of the two words "and disbandment." ·The statutory provisions

are too lengthy to be here inserted, but attention to them is invited.

By his petition the plaintiff claimed that the school district affected by the election comprised all the territory within both the township of Munising and the city of Munising; and, therefore, that the election was illegal and invalid for the following reasons:

"1. That the petition which was filed with the township clerk requesting the submission of such question was not signed by one-fourth of the qualified school electors of such township school district.

"2. That no notices of said election were posted in the city of Munising, the most public place in said township school district.

"3. That all the territory embraced in the township of Munising, Alger county, was organized by Act No. 209 of the Local Acts of 1891, into a single school district. The village of Munising was incorporated within the territory of the said school district in 1896. Some time subsequent to 1909 the township of Munising, including the village of Munising, all of which constituted a single school district, elected to come under Act No. 117 of the Public Acts of 1909. That the village of Munising became the city of Munising in January, 1915, by the adoption of a city charter, but no change was made in the school system, which remained under the same law, and under the same territorial conditions as before the incorporation into a city, and the qualified school electors of such township school district residing in the corporate limits of the city of Munising were not permitted to vote at said election. That several qualified school electors of said township of Munising school district attempted to vote at said election, and were not allowed to vote, and were told that no school elector residing in the city of Munising would be allowed to vote.    *    *    *

"4. That no voting place was provided in the city of Munising, or any election called or held in said city which was the principal polling place of said township school district, and where school elections have always been held, and where the number of qualified school electors greatly exceed those in the township outside the city."

It is conceded that at said election the majority of the school electors voting at such election voted in favor of the proposition submitted.

The defendant in its plea admitted that the school electors residing in the city of Munising were not considered in the action leading to, and the holding of, the election, but affirmed and claimed that the said election was called, held and carried out in strict compliance with the provisions of said act of 1919, and that none of the acts complained of by plaintiff in his petition were necessary or requisite to a full compliance with the provisions of the amended statute.

The case was submitted to the trial court. No testimony was taken, as the pleadings fully disclosed the facts. The issues of law arising from the pleadings were argued by counsel for the respective parties, and submitted. Later the learned circuit judge filed conclusions of law. After stating the facts and also the illegalities claimed in the petition of plaintiff, he in part said:

"In the case at bar, the township school district was adopted by consent of all concerned. If Munising had remained a village, it is admitted that its electors would have a voice on disbandment. When it became a city, there was no law permitting disbandment of township school districts and the city had no power, by charter provision or otherwise, to form a separate district nor to in any way change its school status. *McQueen* v. *Port Huron Com'rs,* 194 Mich. 328; *Board of Education* v. *Bacon,* 196 Mich. 15.

"The electors of the city were forced to continue as part of the township school district, and respondent's construction of the law would resolve itself into a proposition that the balance of the township, with greatly less votes, has the right to retain the city as part of the district or eliminate at any time without its consent to either course.

"Unless necessary, statutes should not be so construed as to result in absurdity.

"Prior to Act No. 354, Pub. Acts 1919, the new law provided no method for dissolution of township school districts. By Act No. 354, the title to Act No. 117, Pub. Acts 1909, was amended to cover the disbandment of such districts and a new section relating thereto was added, known as section 1a. The language employed in section 1a in providing for dissolution is, in its essentials, identical with that used in section 1, in covering the procedure for original establishment of the district. In both, the initial step is a petition signed by one-fourth of the 'qualified school electors of such township,' the proposition shall be submitted, through an election, to the 'qualified school electors of such township,' and the district is established, or disbanded 'if a majority of the school electors of such township voting at such election votes in favor of the proposition.' Section 1a is not complete in itself. It provides only the basic essentials of the procedure and makes the provisions of section 1 applicable to determine the details of the method so far as they can be applied.

"The number of the disbandment section, the adoption in it of the identical language used in section 1, and the relationship between them by adoption of applicable procedure, rendered it persuasive that the legislature did not intend to establish a revolutionary method of disbandment, but rather that the plans should accord and harmonize with the other provisions of the original act. It is fundamental that adoption of language requires adoption of construction. Identical language should certainly receive identical construction when found in the same act.

"The expression, 'the qualified school electors of such township' is, of course, hazy language. The school district is as separate and distinct from the township, in its legal and corporate identity, even though the territorial limits may be the same, as is one county from another. *McQueen* v. *Port Huron Com'rs*, 194 Mich. 336.

"There can be no such thing as a 'qualified school elector' of a township. The act, however, plainly discloses what the legislature meant by the expression. From sections 1 and 2, it is apparent that the right of petition and suffrage is conferred on the residents of

the township who possess the qualifications of school electors, excluding those who live in 'cities' organized as school districts and all graded school districts having a population of more than 900, and including those who reside in that part of a fractional school district outside the township, that is to say, those who, by law, are capable of becoming part of the township school district. That the word 'township' as used in this connection is intended to be synonymous with 'district' further clearly appears in section 9 of the act where the words are used interchangeably. If those, and only those, who are capable of becoming part of the township school district may vote upon its establishment, identity of construction requires that the holding that all those who are part of the district may vote on its disbandment.

"Under section 2, large graded districts and 'cities organized as school districts,' may become part of the township school district by the voted consent of all the districts affected. The city of Munising was never organized as a school district, but is a legal part of the township school district by inheritance. Its electors are entitled to the same rights as those residing in other parts of the district.

"The construction contended for by respondent is not only not sustained by the act, but it is contrary to the spirit of popular government pervading our laws. When organized, a township school district becomes a complete municipal corporate entity. Assuming that the legislature has power to make such discrimination, which is by no means certain, it would require plain and unmistakable language to warrant a construction which would disfranchise a part of the equally qualified electors of any municipality, upon a matter of general concern, especially upon the proposition of disturbing a condition which existed by reason of the voted consent of all the electors, properly qualified, of the municipality. The language used in Act No. 354 and Act No. 117 effectually negatives such intention on the part of the legislature.

"In my judgment the qualified school electors resident in the city of Munising must be counted in determining the sufficiency of the petition for abandonment and are entitled to vote upon the proposi-

tion. The petition at bar was, therefore, insufficient and the election ineffective to disband the Munising township school district.

"Judgment will be so entered."

Thereafter the following exceptions were filed by the defendant:

"That the court erred in holding:

"1. That the qualified school electors of said district residing within the limits of the city of Munising were to be taken into consideration in determining the necessary number of signatures to the petition requesting such election.

"2. That it was necessary to post notices of said election within the limits of the city of Munising.

"3. That the qualified school electors residing in the city of Munising were entitled to vote at said election.

"4. That the language 'qualified school electors of said township,' as used in said statute, should be read and construed as 'qualified school electors of said district.'

"5. That the said proceedings taken by the qualified school electors of said township, were not regular and in accordance with the requirements of said statute, and were not effectual to work the disbandment of said school district."

Judgment setting aside the election was entered in accordance with the findings. The defendant has brought error, and its assignments of error present the same questions as those covered by the exceptions and conclusions of law.

In our opinion every question raised and discussed by counsel for defendant is fully covered and answered by the learned circuit judge in his full and exhaustive conclusions of law, which we approve and adopt as the opinion of this court. We are of the opinion that the qualifications of voters on the question of disbandment are the same as the qualifications of voters upon the questions of organizing and

conducting the affairs of the school district; and that on the question of disbanding the qualified school electors of all the territory that is included in the school district are entitled to vote. It follows that the qualified school electors resident in the city of Munising must be counted in determining the sufficiency of the petition for disbandment, and are entitled to vote upon the question.

A question as to the constitutionality of the act is suggested by counsel, but is not raised by exception or assignment of error, and hence not considered.

The judgment below is affirmed.

STEERE, C. J., and MOORE, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred. The late Justice BROOKE did not sit.