BROWN v HAYES

Docket No. 256966. Submitted January 5, 2006, at Lansing. Decided
    April 4, 2006, at 9:05 a.m. Leave to appeal sought.

Jocelyn and Donald Brown brought a medical malpractice action in
    the Ingham Circuit Court against Amy S. Hayes, Ingham Regional
    Medical Center, its Work Improvement Rehabilitation Center, and
    LeAnn G. Witgen, relating to Jocelyn Brown's alleged injury
    during work-hardening therapy administered at the medical cen-
    ter's rehabilitation center by occupational therapists Hayes and
    Witgen. The defendants' answer included an affidavit of meritori-
    ous defense signed by a physical therapist. The court, James R.
    Giddings, J., granted the plaintiffs' motion for default after reject-
    ing the defendants' affidavit as insufficient under MCL 600.2169
    and after rejecting defendants' assertion that their counsel had
    reasonably believed that their affidavit was sufficient under MCL
    600.2912e(1). The defendants appealed.

The Court of Appeals *held*:

1. The trial court properly struck the defendants' affidavit of
    meritorious defense. The defendants' expert, a physical therapist,
    does not have a licenses identical to that of defendants Hayes and
    Witgen, and so cannot be engaged in the same health profession
    for the purposes of MCL 600.2169(1)(b). *McElhaney v Harper-
    Hutzel Hosp*, 269 Mich App 488, 497 (2006). MCR 7.215(J)(1)
    constrains this panel of the Court of Appeals to follow *McElhaney*
    and to hold that the defendants' expert is not qualified to give
    expert testimony under the statute. The panel noted, however,
    that it appears unreasonable that a physical therapist should not
    be qualified to testify about the standard of care applicable to an
    occupational therapist engaged in work-hardening therapy where
    both types of therapists are regularly employed together. If not
    constrained to follow *McElhaney*, the panel would conclude that
    the defendants' expert is engaged in the same health profession.

2. The trial court erred in deciding that the defendants'
    counsel filed their expert's affidavit of meritorious defense without
    any reasonable belief that the expert met the requirements of
    MCL 600.2169. At the time the affidavit was filed, *McElhaney* had
    not been decided, and, at that time, defense counsel could have

filed an affidavit signed by either a physical therapist or an occupational therapist, choosing to file an affidavit by a member of the former profession because of the licensing requirement, rather than an affidavit by a member of the latter profession, which has only a registration requirement. In this case, it was reasonable for the defendants' counsel to believe that the defendants' expert is engaged in the same health profession as that of Hayes and Witgen.

Affirmed in part, reversed in part, and remanded for further proceedings.

WHITE, J., concurring in part and dissenting in part, agreed that the defendants' counsel reasonably believed that the physical therapist expert complied with the requirements of MCL 600.2169 and that reversal is warranted on that basis. However, Judge WHITE disagreed with the determinations of the majority that the expert, in fact, met the requirements of MCL 600.2169(1)(b) and that the *McElhaney* was decided wrongly. Although there is apparently overlap in the activities of a physical therapist and an occupational therapist, they are not in the practice of the same health care profession because each is licensed or registered in a different profession.

*Scott E. Combs* for the plaintiffs.

*Johnson & Wyngaarden, P.C.* (by *Robert M. Wyngaarden* and *Michael L. Van Erp*), for the defendants.

Before: BANDSTRA, P.J., and FITZGERALD and WHITE, JJ.

BANDSTRA, P.J. In this medical malpractice action, defendants[1] appeal the trial court order granting plaintiff[2] Jocelyn Brown's motion to strike defendants' affidavit of meritorious defense, MCL 600.2912e (§ 2912e), and to default defendants. The trial court determined

---

[1] Plaintiffs' complaint alleges that defendants Amy S. Hayes and LeAnn G. Witgen engaged in malpractice and that defendants Ingham Regional Medical Center and its Work Improvement Rehabilitation Center are vicariously liable for that malpractice. Accordingly, further references to "defendants" in this opinion refer to Hayes and Witgen.

[2] Plaintiff Donald Brown was dismissed by stipulation of the parties. Further references to "plaintiff" in this opinion refer to Jocelyn Brown.

that defendants' expert did not meet the requirements of MCL 600.2169 (§ 2169) of the Revised Judicature Act (RJA),[3] as required by § 2912e, because the expert's qualifications and credentials, as a physical therapist, did not match those of defendant occupational therapists. We conclude that the provisions of § 2169(1)(a) and (c), requiring that an expert's qualifications and credentials specifically match that of a defendant health care professional, do not apply in this case because defendants are not physicians. We are reluctantly bound by precedent to also conclude, however, that defendants' expert does not satisfy the criteria of § 2169(1)(b) and that the witness is not qualified to provide an affidavit of meritorious defense. We affirm the trial court order in this regard. Nonetheless, we further conclude that, at the time the affidavit was filed, defendant reasonably believed that the witness was qualified. Accordingly, we reverse the trial court order granting a default judgment against defendants.

FACTS AND PROCEEDINGS BELOW

This case arises from work-hardening therapy plaintiff underwent with defendant occupational therapists Amy S. Hayes and LeAnn G. Witgen at the Work Improvement Rehabilitation Center (WIC) at Ingham Regional Medical Center. Following carpal tunnel surgery on both of her wrists, plaintiff was referred to the WIC. She alleges that she was directed by defendants to push an 800 pound cart, which resulted in the onset of extreme back pain. Plaintiff asserts that as a result of this injury, she had to undergo corrective care and treatment, including surgery, and that she has been unable to return to work.

Plaintiff filed this medical malpractice action on May 11, 2001. Plaintiff's complaint was accompanied by two

---

[3] All the statutory provisions at issue in this appeal are part of the RJA.

affidavits of merit, one signed by a physical therapist and one signed by an occupational therapist. Defendants answered and filed an affidavit of meritorious defense signed by a physical therapist, Ellen Smith.

On May 3, 2004, plaintiff moved for a default against defendants, asserting that defendants' affidavit of meritorious defense was insufficient under § 2169 because it was not signed by an occupational therapist. Defendants argued in response that § 2169(1) was inapplicable to plaintiff's claims against defendants because occupational therapists are not licensed medical practitioners. Defendants further argued that, even if the affidavit were improper, default was inappropriate pursuant to § 2912e(1) because defense counsel reasonably believed that the affidavit was sufficient. Further, even if those arguments were rejected, defendants argued that default was not a mandatory remedy under applicable case law. The trial court conducted an extensive hearing on the motion, including taking testimony from defense counsel. In addition to the arguments raised earlier, defendants asserted that, although § 2169(1) was inapplicable to this case, § 2169(2) was applicable and that Smith met its requirements. The trial court granted plaintiff's motion for default, rejecting all of defendants' arguments.

## STANDARD OF REVIEW

We review for an abuse of discretion a trial court's decision regarding a motion to strike a pleading. *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 469; 666 NW2d 271 (2003). We also review for an abuse of discretion a trial court's decision to enter a default. *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 526; 672 NW2d 181 (2003). We also review for an abuse of discretion a trial court's decision concerning whether a

witness is qualified to render an expert opinion and the actual admissibility of the expert's testimony. *Tate v Detroit Receiving Hosp*, 249 Mich App 212, 215; 642 NW2d 346 (2002). An abuse of discretion occurs when an unprejudiced person, considering the facts upon which the trial court acted, would conclude that there was no justification or excuse for the ruling made. *Novi v Robert Adell Children's Funded Trust*, 473 Mich 242, 254; 701 NW2d 144 (2005).

We review de novo questions of statutory interpretation. *Cox v Flint Bd of Hosp Managers*, 467 Mich 1, 16; 651 NW2d 356 (2002). Our primary goal is to ascertain and give effect to the intent of the Legislature. *Barrett v Kirtland Community College*, 245 Mich App 306, 313; 628 NW2d 63 (2001). We may not speculate about the probable intent of the Legislature beyond the words expressed in the statute, and, if a statute provides its own glossary, the terms must be applied as expressly defined. *Id.* at 313-314.

### ANALYSIS

The RJA provides that in an action alleging medical malpractice, a defendant or the defendant's attorney shall file "an affidavit of meritorious defense signed by a health professional who the defendants' attorney reasonably believes meets the requirements for an expert witness under section 2169." MCL 600.2912e(1). At issue in this case is § 2169(1),[4] which provides:

---

[4] The trial court apparently based its decision on both subsections 1 and 2 of § 2169. However, the reasoning of the trial court was that Smith did not qualify because she is a physical therapist and defendants are occupational therapists. That analysis is based on the "match" requirements of subsection 1. The more general language of subsection 2 cannot justify disqualifying an expert simply because the expert's credentials do not sufficiently match those of the defendant health professional if the criteria listed in subsection 1 do not lead to that result.

In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and meets the following criteria:

(a) If the party against whom or on whose behalf the testimony is offered is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered. However, if the party against whom or on whose behalf the testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty.

(b) Subject to subdivision (c), during the year immediately preceding the date of the occurrence that is the basis for the claim or action, devoted a majority of his or her professional time to either or both of the following:

(*i*) The active clinical practice of the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed and, if that party is a specialist, the active clinical practice of that specialty.

(*ii*) The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed and, if that party is a specialist, an accredited health professional school or accredited residency or clinical research program in the same specialty.

(c) If the party against whom or on whose behalf the testimony is offered is a general practitioner, the expert witness, during the year immediately preceding the date of the occurrence that is the basis for the claim or action, devoted a majority of his or her professional time to either or both of the following:

(*i*) Active clinical practice as a general practitioner.

(*ii*) Instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession in which the

party against whom or on whose behalf the testimony is offered is licensed [MCL 600.2169(1).]

Initially, we note that § 2169(1) is stated in negative terms; it specifies when "a person shall not give expert testimony . . . ." The requirements necessary to avoid that prohibition are two-fold: a person may be qualified as an expert if (1) the person is "licensed as a health professional" and (2) if the criteria listed in subsections a, b, and c are satisfied. We examine each of those requirements separately.

### 1. LICENSED AS A HEALTH PROFESSIONAL

Defendants argue that the statute's "licensed as a health professional" requirement means that only persons who have a "license," such as physical therapists, may qualify as experts, and that persons who are only registered may not. Defendants' argument in this regard certainly has facial validity and comports with usual principles of statutory construction requiring that we discern and give effect to the Legislature's intent as expressed in statutory language, giving statutory terms their plain and ordinary meaning. *Cox, supra* at 18.

However, that approach only applies to "[u]ndefined statutory terms." *Id.* In other words, if the Legislature uses terms for which the statutes supply definitions, those statutory definitions are the best indicators of legislative intent and should be used even if they appear contrary to the plain and ordinary meaning of statutory terminology.

The statutory definitions applicable in this case are found in the Public Health Code.[5] A "license" includes

---

[5] We employ Public Health Code definitions to determine the questions raised under the RJA here, following the approach taken by the Supreme Court in *Cox.* There, the majority relied on Public Health Code defini-

both "an authorization . . . to practice where practice would otherwise be unlawful" and "an authorization to use a designated title which use would otherwise be prohibited . . . ." MCL 333.16106(2). "Registration" is defined as "an authorization only for the use of a designated title . . . ." MCL 333.16108(2). A person cannot use the title "occupational therapist," or a similar title, unless the person has been authorized to do so under the Public Health Code. MCL 333.16263(1)(p) and 333.18303. That authorization may be granted if the person is registered under the provisions of the Public Health Code specific to occupational therapists, MCL 333.18301 through MCL 333.18311.

Because occupational therapists cannot call themselves occupational therapists or use a similar title without being registered, registration constitutes a "license" within the meaning of that term as defined by the statute. We thus reject defendants' argument that only a physical therapist, and not an occupational therapist, may be qualified to give expert testimony under § 2169(1). A physical therapist is certainly "licensed," MCL 333.17801 through MCL 333.17822, but so is an occupational therapist.[6] Either may provide expert testimony if the criteria listed in subsections a, b, and c are satisfied.

---

tions to determine how the RJA applied to nurses. *Cox, supra* at 19-20. Here, we do the same to determine how the RJA applies to physical therapists and occupational therapists.

[6] Although § 2169 of the RJA contains no definitional provisions, the definition provided in § 5838a(1)(b) of the RJA, MCL 600.5838a(1)(b), which pertains to the accrual of medical malpractice claims, supports our analysis. Section 5838a(1)(b) defines a "licensed health care professional" to include "an individual licensed or registered under . . . the public health code . . . ." That section specifically exempts sanitarians and veterinarians from the application of § 5838a(1), even though sanitarians may be registered, MCL 333.18401 *et seq.*, and veterinarians are licensed, MCL 333.18801 *et seq.*

2. CRITERIA IN SUBSECTIONS a, b, AND c

Initially, we find guidance in *Cox*, in which our Supreme Court considered § 2912a of the RJA, MCL 600.2912a, a statute establishing the standard of care for malpractice actions. Our Supreme Court noted that, under MCL 333.17001(1)(c), a "physician" is defined to be "an individual licensed under this article to engage in the practice of medicine." *Cox, supra* at 19. The trial court had concluded that only such a "physician" can be considered either a "general practitioner" or a "specialist" for purposes of § 2912a. *Cox, supra* at 18-19. Thus, our Supreme Court concluded that the standard of care provisions within § 2912a do not apply to a nurse because § 2912a applies only to a defendant who is either a "general practitioner" or a "specialist" and because a nurse is neither. *Cox, supra* at 19-20. To determine the applicable standard of care for nurses, it was necessary to turn to the common law. *Id.* at 20.

Like § 2912a of the RJA construed in *Cox*, the above-quoted subsections a and c of § 2169(1) of the RJA at issue here employ the terms "specialist" and "general practitioner." Specifically, an expert seeking to testify for or against a defendant in a medical malpractice action must meet certain criteria if the defendant is a "specialist," § 2169(1)(a), and different criteria if the defendant is a "general practitioner," § 2169(1)(c). Under *Cox*, neither of these sets of criteria can be satisfied unless the defendant is a physician.[7] In other words,

---

[7] The *Cox* definitions of "specialist" and "general practitioner," which limit their applicability to physicians, control for all uses of those identical terms within related provisions of the RJA. " ' "Identical language should certainly receive identical construction when found in the same act." ' " *Empire Iron Mining Partnership v Orhanen,* 455 Mich 410, 426 n 16; 565 NW2d 844 (1997) (citation deleted); see also *People ex rel Simmons v Munising Twp,* 213 Mich 629, 633; 182 NW 118 (1921).

subsections a and c of § 2169(1) apply only if the defendant is either a "specialist" or a "general practitioner," and because those terms only include physicians, those subsections do not apply to nonphysician defendants. Because defendants here are not physicians, subsections a and c do not apply in determining whether Smith is qualified to submit an affidavit of meritorious defense. *McElhaney v Harper-Hutzel Hosp*, 269 Mich App 488, 497; 711 NW2d 795 (2006).

This same analysis does not apply to § 2169(1)(b) because it is not exclusively[8] limited to general practitioners and specialists. That is the case even though subsection b begins by making its provisions "subject to subsection (c) . . . ." That phrase means that the separate rule stated in subsection b applies unless subsection c conflicts with subsection b, in which case subsection c governs. However, in the present case, there is no conflict; subsection c does not apply at all for the reasons stated above. Therefore, the rule of subsection b applies notwithstanding its opening reference to subsection c; its subjection to subsection c is without meaning here.

Thus, contrary to defendants' argument that § 2169(1) is wholly inapplicable here, subsection b applies even though defendants are not physicians. *McElhaney, supra* at 497. We turn to the question presented by the parties regarding that subsection, whether Smith is engaged in the "same health profession" as defendants.[9]

---

[8] Although subsections b(*i*) and (*ii*) each establishes an additional expert qualification standard to be used "if [the defendant] is a specialist," those additional requirements do not negate the standards to be employed in cases like this, in which the defendants are not "specialist" physicians.

[9] Plaintiffs do not contend that Smith fails to meet the other requirements of subsection b regarding the time she spends in therapy activities.

The Public Health Code defines a "health profession" as "a vocation, calling, occupation, or employment performed by an individual acting pursuant to a license or registration issued under this article." MCL 333.16105. Contrary to our dissenting colleague's reasoning, there is no requirement that an activity be licensed or registered to constitute a "health profession," as long as the individuals engaged in the activity are licensed or registered.[10] Neither is there anything in the statutory definition to suggest that individuals engaged in the same "vocation, calling, occupation, or employment" are, nevertheless, engaged in different health professions from one another if each of those individuals does not have an identical license or registration. Instead, the language of the "health profession" definition suggests that, as long as the individuals engaged in the same "vocation, calling, occupation, or employment" are acting pursuant to one or another license or registration issued under the Public Health Code, those individuals are engaged in the same "health profession."

The record here amply demonstrates that defendants, as registered occupational therapists, and Smith, as a licensed physical therapist, are engaged in the same "vocation, calling, occupation, or employment," i.e., work-hardening therapy. Smith's uncontested affidavit states that both occupational therapists and physical therapists receive training in work-hardening techniques, that they often work side by side in work-hardening therapy programs, and that there is no difference between the work

---

[10] The dissent's interpretation of the statute improperly constrains the use of experts, in derogation of common-law principles otherwise applicable, more than is required by the statutory language. *Nation v WDE Electric Co*, 454 Mich 489, 494; 563 NW2d 233 (1997) (Statutes in derogation of the common law are to be given the effect which makes the least rather than the most change in the common law.).

performed by an occupational therapist and a physical therapist in a work-hardening therapy program. As defendants point out, plaintiff largely acknowledges these facts in her pleadings. Her notice of intent specified that defendants had failed to provide her appropriate "physical therapy" at the WIC and her complaint alleges that defendants "held themselves out to the public as specialists in physical and/or occupational therapy." Affidavits of merit filed by experts on plaintiff's behalf described the "applicable standard of care for the occupational and/or physical therapist" and, as noted earlier, those affidavits were filed by both an occupational therapist and a physical therapist.

Thus, we would conclude that Smith is engaged in the "same health profession" as defendants under § 2169(1)(b).[11] However, a panel of our Court has concluded that two people cannot be engaged in the "same health profession" for the purposes of this statute unless each has an identical license under the Public Health Code. *McElhaney, supra* at 497. The *McElhaney* panel reasoned that, because nurse midwives are licensed under one provision of the Public Health Code and obstetricians/gynecologists are licensed under a different provision, obstetricians/gynecologists do not qualify to testify regarding the standard of care applicable to a nurse midwife. *Id.* at 496.

The panel reached that result even though it recognized that "it may appear reasonable that a physician

---

[11] As our dissenting colleague points out, the language of § 2169(1)(b)(*i*) may be read to suggest that a "health profession" is a particular licensure or registration. This understanding is directly contradicted by the specific and more expansive statutory definition of "health profession" discussed above. Giving deference to that specific definition, we read § 2169(1)(b)(*i*) as requiring that an expert must practice in the same "vocation, calling, occupation, or employment" as does a defendant, both by virtue of a license or registration.

with substantial educational and professional credentials should be able to testify about the standard of care of a nurse who works in a closely related field . . . ." *Id.* at 497. We agree with that observation. Similarly, here it appears unreasonable that a physical therapist should not be qualified to testify about the standard of care applicable to an occupational therapist engaged in an occupation like work-hardening therapy where both kinds of professionals are regularly employed together. The *McElhaney* approach exacts a hardship on both plaintiffs and defendants as they seek to prosecute and defend medical malpractice actions. That hardship is not required under the Public Health Code's definition of "health profession" as discussed above, a statutory definition not considered by the *McElhaney* panel.

Nonetheless, we must follow *McElhaney*. MCR 7.215(J)(1). Therefore, we conclude that Smith is not engaged in the "same health profession" as defendants and is, therefore, not qualified to give expert testimony under § 2169(1)(b).[12] Accordingly, we affirm the trial court order striking the affidavit of meritorious defense filed on defendants' behalf by Smith.

Nevertheless, we conclude that the trial court erred in deciding that defendants' counsel filed Smith's affidavit of meritorious defense without any reasonable belief that she met the requirements of § 2169. Whether defense counsel acted reasonably in this regard is determined by examining the situation as it existed at the time the affidavit was filed. *McElhaney, supra* at 495-496. The record in this case demonstrates that

---

[12] If we could conclude that Smith was qualified, that would be a basis for reversing the trial court's order granting a default judgment against defendants. We reach that same result, however, for reasons discussed below. Therefore, the issue on which we are in disagreement with *McElhaney* is not "outcome determinative" for the purposes of MCR 7.215(J)(2).

defense counsel could have filed an affidavit signed by either a physical therapist or an occupational therapist[13] and chose to file Smith's affidavit after concluding that the "licensed" requirement of § 2169 precluded the qualification of a registered occupational therapist. Although we have today rejected that argument, our decision in this regard is one of first impression and defendant's contrary conclusion was certainly reasonable at the time it was made. Further, while we conclude today that Smith is not an expert qualified under § 2169, we do so only because we must follow *McElhaney*. We find merit in defendant's argument that Smith and defendants are engaged in the same health profession for the purposes of this case. Defendants' belief that Smith was engaged in the same health profession as defendants at the time her affidavit was filed, long before *McElhaney* was decided, was reasonable.

The trial court's erroneous decision on the "reasonable belief" question was the basis for its further decision to enter a default judgment against defendant. We reverse that decision and remand this matter for further proceedings consistent with this opinion. We do not retain jurisdiction.

FITZGERALD, J., concurred.

WHITE, J. (*concurring in part and dissenting in part*). I agree that defendants' counsel reasonably believed that the physical therapist expert complied with the requirements of MCL 600.2169 and that reversal is warranted on that basis.

___

[13] Defendants offered a second affidavit of meritorious defense, signed by an occupational therapist, after plaintiff challenged Smith's affidavit.

I do not agree that the expert, in fact, met the requirements of § 2169(1)(b) or that *McElhaney v Harper-Hutzel Hosp*, 269 Mich App 488; 711 NW2d 795 (2006), was wrongly decided in this regard.

The physical therapist expert was not in the "active clinical practice of the same health profession in which the [defendant occupational therapist] is licensed . . . ." MCL 600.2169(1)(b)(*i*). Although there is apparently considerable overlap in the activities of a physical therapist and an occupational therapist, they are not in the practice of the same health care profession because each is in the practice of the health profession in which he or she is licensed or registered. MCL 333.16105 contemplates that the "vocation, calling, occupation, or employment performed" is one that is subject to licensure or registration. Work-hardening therapy is not such an activity. Further, § 2169(1)(b)(*i*) and (*ii*) contemplate that the witness practice in the same health profession "in which [the defendant] is licensed . . . ." Here, defendant is licensed as an occupational therapist, not a work-hardening therapist. While members of different health professions no doubt often have the knowledge and expertise to render opinions regarding the standard of care applicable to colleagues in different health professions with whom they work, § 2169(1)(b) renders such testimony inadmissible. *McElhaney* was correctly decided in this regard.