# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 18, 2009

138687

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

DALE J. WIGGINS,
        Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 138687
COA: 290017
Gratiot CC: 08-005583-FH

      On order of the Court, the application for leave to appeal the February 25, 2009 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration, as on leave granted, of whether twenty-five points were properly assessed for OV 12 (MCL 777.42). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

      MARKMAN, J. (*concurring*).

      Justice Weaver dissents because she is "not persuaded that the decision of the Court of Appeals was clearly erroneous or that defendant has suffered any material injustice . . . ." It is difficult to understand how Justice Weaver can assert that this decision was not "clearly erroneous" where the trial court scored OV 12 at 25 points for three or more "crimes against a person" where only one of the crimes is categorized as a "crime against the person," and two are designated as "crimes against public order." MCL 777.11 through 18; MCL 722.675. OV 12 should have been scored at only ten points. Moreover, it is difficult to understand how Justice Weaver can assert that defendant has not suffered any "material injustice" where the trial court imposed a minimum sentence of 85 months when it thought the correct range was 51 to 85 months while the correct guidelines range is 45 to 75 months. Given that defendant's sentence is outside the Legislature's guideline range, resentencing is required. Thus, the lower courts unmistakably applied the law in an "erroneous" manner, and equally unmistakably

caused a "material injustice" to a person who, but for the instant order, might have been imprisoned for a term beyond that intended by the Legislature and the trial court.

WEAVER, J. (*dissenting*).

I dissent. I would not remand this case and I would deny leave to appeal because I am not persuaded that the decision of the Court of Appeals was clearly erroneous or that defendant has suffered any material injustice in this case.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 18, 2009

_____
Clerk

p0915