PEOPLE v WIGGINS

Docket No. 290017. Submitted May 12, 2010, at Lansing. Decided May 20, 2010. Approved for publication July 6, 2010, at 9:00 a.m.

Dale J. Wiggins pleaded no contest in the Gratiot Circuit Court to a charge of attempting to arrange for child sexually abusive activity. At sentencing, Wiggins asserted that the court should only assess 10 points for offense variable (OV) 12 (contemporaneous felonious criminal acts), MCL 777.42, when calculating the recommended minimum sentence range under the sentencing guidelines because only one of the three additional charges initially brought against him was classified in the guidelines as a crime against a person. The court, Michelle M. Rick, J., examining the substance of the charges, disagreed. Reasoning that all three of the additional charges involved other persons, the court assessed 25 points for OV 12. Defendant filed a delayed application for leave to appeal. The Court of Appeals denied the application. In lieu of granting leave to appeal, the Supreme Court remanded the case to the Court of Appeals for consideration as on leave granted of whether OV 12 was properly scored. 485 Mich 875 (2009).

The Court of Appeals *held*:

The sentencing court erred by considering the substance of the crimes charged rather than the offense category definitions set forth in the guidelines to determine whether the additional charges initially brought against defendant involved crimes against a person. "Crimes against a person" is a technical term as used in the guidelines. Under MCL 777.5 and MCL 777.6, only crimes with the offense category designated as "person" under MCL 777.11 to MCL 777.18 can be considered crimes against a person for purposes of scoring OV 12 and OV 13 (continuing pattern of criminal behavior), MCL 777.43. Accordingly, only 10 points should have been assessed for OV 12. Defendant is entitled to resentencing because the scoring error altered the appropriate guidelines range and defendant's minimum sentence was outside that range.

Sentence vacated and case remanded for resentencing.

SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLES 12 AND 13 —
OFFENSE CATEGORY DESIGNATIONS — CRIMES AGAINST A PERSON.

> "Crimes against a person" is a technical term as used in the
> sentencing guidelines; only crimes with the offense category
> designated as "person" in the sentencing guidelines can be con-
> sidered crimes against a person for purposes of scoring offense
> variable 12 (contemporaneous felonious criminal acts) and offense
> variable 13 (continuing pattern of criminal behavior) (MCL 777.5;
> MCL 777.6; MCL 777.42; MCL 777.43).

*Ronald D. Ambrose* and *Michael A. Faraone P.C.* (by
*Michael A. Faraone*) for defendant.

Before: SHAPIRO, P.J., and JANSEN and DONOFRIO, JJ.

PER CURIAM. This case has been remanded for consid-
eration as on leave granted.[1] Defendant challenges the
sentence imposed for his conviction of attempting to
arrange for child sexually abusive activity, MCL
750.145c(2), based on a plea of no contest. We vacate
defendant's sentence and remand for resentencing.
This appeal has been decided without oral argument.
MCR 7.214(E).

During sentencing, defendant argued that only 10
points should be assessed for offense variable (OV) 12
(contemporaneous felonious criminal acts) rather than
25 points. MCL 777.42. Defendant argued that OV 12
had been misscored because only one of the other three
initial charges against him, specifically an additional
charge of attempting to arrange for child sexually
abusive activity, is designated as a crime against a
person in the sentencing guidelines, while the other
charges of disseminating sexually explicit matter to a
minor are designated as crimes against public order.
The trial court disagreed, finding that all three of the

---

[1] *People v Wiggins*, 485 Mich 875 (2009).

additional charges were crimes involving other persons, namely the minor children involved. Defendant now challenges that decision.

When calculating the appropriate guidelines minimum sentence range, "[a] sentencing court has discretion in determining the number of points to be scored, provided that evidence of record adequately supports a particular score." *People v Hornsby*, 251 Mich App 462, 468; 650 NW2d 700 (2002). "Where effectively challenged, a sentencing factor need be proved only by a preponderance of the evidence." *People v Harris*, 190 Mich App 652, 663; 476 NW2d 767 (1991); see also *People v Drohan*, 475 Mich 140, 142-143; 715 NW2d 778 (2006). We review sentencing guidelines scoring decisions to determine whether the sentencing court properly exercised its discretion and whether the evidence adequately supported a particular score. *People v McLaughlin*, 258 Mich App 635, 671; 672 NW2d 860 (2003). Any statutory interpretation concerning the application of the sentencing guidelines presents a question of law subject to review de novo on appeal. *People v Cannon*, 481 Mich 152, 156; 749 NW2d 257 (2008).

The primary goal of statutory interpretation is to ascertain and effectuate the intent of the Legislature. *People v Davis*, 468 Mich 77, 79; 658 NW2d 800 (2003). When construing a statute, we first examine the language of the statute. *Id.* Where the language of the statute is clear and unambiguous, further construction is unnecessary and unwarranted and the statute will be applied as written. *Id.* If the statute defines a term, that definition controls. *People v Schultz*, 246 Mich App 695, 703; 635 NW2d 491 (2001). In addition, provisions must be read in the context of the entire statute so as to produce a harmonious whole, *People v Couzens*, 480 Mich 240, 249; 747 NW2d 849 (2008), and identical language in various provisions of the same act should be

construed identically, *People ex rel Simmons v Munising Twp*, 213 Mich 629, 633; 182 NW 118 (1921).

To calculate the appropriate guidelines range, a court must determine the offense category and which offense variables apply, score the offense variables, total the points to determine the offender's offense variable level, and then assess points for the prior record variables to determine the offender's prior record variable level. MCL 777.21(1)(a) and (b); *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). The court must then use the resultant offense variable level and prior record variable level with the applicable sentencing grid to determine the recommended minimum sentence range. MCL 777.21(1)(c); *Morson*, 471 Mich at 255.

MCL 777.5 provides:

> The offense categories are designated in [MCL 777.11 *et seq.*] as follows:
>
> (a) Crimes against a person are designated "person".
>
> (b) Crimes against property are designated "property".
>
> (c) Crimes involving a controlled substance are designated "CS".
>
> (d) Crimes against public order are designated "pub ord".
>
> (e) Crimes against public trust are designated "pub trst".
>
> (f) Crimes against public safety are designated "pub saf".

MCL 777.6 provides, "The offense descriptions in [MCL 777.11 *et seq.*] are for assistance only *and the statutes listed govern application of the sentencing guidelines.*" (Emphasis added.)[2] MCL 777.42(1) provides in pertinent part:

---

[2] The "offense descriptions" are contained in a column separate from the offense category designations in MCL 777.11 through MCL 777.18.

· Offense variable 12 is contemporaneous felonious criminal acts. Score offense variable 12 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) Three or more contemporaneous felonious criminal acts involving crimes against a person were committed ................................................................:.............. 25 points

\* ⁺ \*

(c) Three or more contemporaneous felonious criminal acts involving other crimes were committed ........... 10 points

Pursuant to MCL 777.15g, two of the crimes used to score OV 12 in this case, those involving disseminating sexually explicit matter to a minor, MCL 722.675, are specifically designated as "[c]rimes against public order." MCL 777.5(d). Under the plain statutory language, the trial court should not have used those crimes as concurrent offenses involving "[c]rimes against a person" when scoring OV 12. The trial court erred when it found that it was free to look at the substance of the crime rather than the offense category designations under the guidelines themselves because the Legislature used the term "involving crimes against a person" instead of the phrase "categorized as crimes against a person" in MCL 777.42. The trial court essentially read MCL 777.42 as requiring the assessment of 25 points for three contemporaneous "criminal acts involving a person" or "criminal acts against a person" and not, as the statute states, "criminal acts involving crimes against a person." "Crimes against a person" is a technical term, at least as used in the guidelines, and MCL 777.5 is essentially a definitional section. In addition, under MCL 777.6, the statutes listed in MCL 777.11 to MCL 777.18 govern the application of the sentencing guidelines, including MCL

777.42. Given that identical language in various provisions of the same act must be construed identically, *Simmons*, 213 Mich at 633, we conclude that only crimes with the offense category designated as "person" under MCL 777.11 to MCL 777.18 can be considered "crimes against a person" for purposes of scoring OV 12[3] pursuant to MCL 777.5 and MCL 777.6. In light of the relevant statutory language, the trial court erred when it assessed 25 points for OV 12. Only 10 points should have been assessed for OV 12, using defendant's three other "crimes."

The trial court's calculations placed defendant in the C-V cell on the sentencing grid for his class B offense, with a corresponding minimum sentence range of 51 to 85 months. With only 10 points assessed for OV 12, defendant's total OV score of 40 points places him in the C-IV cell on the sentencing grid, with a recommended minimum sentence range of 45 to 75 months. MCL 777.63. Accordingly, defendant must be resentenced because the scoring error altered the appropriate guidelines range, and defendant's minimum sentence of 85 months in prison lies outside that range. See *People v Francisco*, 474 Mich 82, 89-91; 711 NW2d 44 (2006).

We vacate defendant's sentence and remanded for resentencing. We do not retain jurisdiction.

---

[3] We note that the same reasoning applies to scoring OV 13 (continuing pattern of criminal behavior), MCL 777.43, although that offense variable is not at issue in this case.