Markman, J.
(concurring). I fully concur in the majority’s analysis and holding that defendant was not denied his right to testify at his trial and that zero points should be assessed for offense variable (OV) 13.1 write separately to respond to the partial dissent, which concludes that 25 points should be assessed for OV 13.
MCL 777.43, which governs the scoring of OV 13, provides, in pertinent part:
(1) Offense variable 13 is continuing pattern of criminal behavior. Score offense variable 13 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
(a) The offense was part of a pattern of felonious criminal activity involving 3 or more sexual penetrations *432 against a person or persons less than 13 years of age ................................................................................50 points
(b) The offense was part of a pattern of felonious criminal activity directly related to causing, encouraging, recruiting, soliciting, or coercing membership in a gang or communicating a threat with intent to deter, punish, or retaliate against another for withdrawing from a gang ................................................................................25 points
(c) The offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person ...........................................................................25 points
(d) The offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property or a violation of section 7401(2)(a)(i) to (Hi) or section 7403(2)(a)(i) to (Hi) of the public health code, 1978 PA 368, MCL 333.7401 and 333.7403 ..................................................................10 points
(e) The offense was part of a pattern of felonious criminal activity involving a combination of 3 or more violations of section 7401(2) (a)(¿) to (Hi) or section 7403(2)(a)(i) to (Hi) of the public health code, 1978 PA 368, MCL 333.7401 and 333.7403................................10 points
(f) The offense was part of a pattern of felonious criminal activity involving 3 or more crimes against property ...........................................................................5 points
(g) No pattern of felonious criminal activity existed ..................................................................................0 points
(2) All of the following apply to scoring offense variable 13:
(f) Do not count more than 1 crime involving the same ... controlled substance. For example, do not count conspiracy and a substantive offense involving the same amount of controlled substances or possession and delivery of the same amount of controlled substances. [Emphasis added.]
*433 The Legislature has categorized each felony covered by the sentencing guidelines into one of six offense categories — crimes against a person, crimes against property, crimes involving a controlled substance, crimes against public order, crimes against public trust, and crimes against public safety. MCL 777.5; MCL 777.11 through 777.19. The sentencing offense in this case — assault of a prison employee — has been explicitly categorized by the Legislature as a “crime against public safety.” MCL 777.16j. The prosecutor argues that 25 points should be assessed for OV 13 pursuant to MCL 777.43(l)(c), which provides that 25 points should be assessed for OV 13 if the sentencing offense “was part of a pattern of felonious criminal activity involving 3 or more crimes against a person.” However, because the sentencing offense here is expressly a “crime against public safety,” rather than a “crime against a person,” it cannot be said to have been “part of a pattern of felonious criminal activity involving 3 or more crimes against a person,” and thus 25 points cannot be assessed for OV 13.
Although the partial dissent’s argument that 25 points should be assessed for OV 13 has superficial appeal because a prison employee is obviously a “person,” the equally obvious flaw in this argument is that the Legislature has stated that an assault of a prison employee is a “crime against public safety,” not a “crime against a person.” In other words, although the partial dissent’s argument is consistent with the common understanding of the phrase “crime against a person,” it is not consistent with the Legislature’s stated understanding of this phrase. And it is well established that the Legislature is free to define terms as it sees fit. Breighner v Mich High Sch Athletic Ass’n, Inc, 471 Mich 217, 228 n 3; 683 NW2d 639 (2004) (“[T]he Legislature has the discretion to define [terms] in any *434 way it chooses Accordingly, the Legislature is free to define “crimes against a person” to encompass crimes that might not be understood in common parlance to constitute “crimes against a person” and to exclude crimes that might be understood in common parlance to constitute “crimes against a person.” That is, the Legislature is free to group together, or to separate, crimes into categories as it sees fit for its purposes. Particularly in the context of the sentencing guidelines, these categories serve as a convenient shorthand to ensure that crimes the Legislature wishes to treat in a similar manner are, in fact, treated in a similar manner, and that crimes the Legislature wishes to treat in a dissimilar manner are, in fact, treated in a dissimilar manner.
The partial dissent argues that the “sole purpose served by the offense categories in our legislative sentencing scheme is determining which of the 20 offense variables are to be scored, as not every felony requires the scoring of every offense variable.” Post at 444 (emphasis added). Although I agree that one of the purposes served by the offense categories is to determine which of the offense variables are to be scored, it is clearly not accurate that this is the “sole purpose” served by the offense categories. Chapter XVII of the Code of Criminal Procedure is entitled “Sentencing Guidelines.” Part 1 of this chapter designates the six offense categories; part 2 designates which felonies are included in which offense categories; part 3 designates which offense variables to score for each offense category; and part 4 sets forth all the offense variables, including, of course, OV 13. Given that the offense categories are set forth within the very same chapter of the Code of Criminal Procedure as the offense variables, and that this chapter is specifically entitled “Sentencing Guidelines,” it seems reasonably clear that the Legisla *435 ture intended the offense categories to be used consistently throughout the chapter. That is, if an offense is considered a “crime against public safety” for purposes of parts 2 and 3, it should also be considered a “crime against public safety” for purposes of part 4.
As it applies to the instant case, part 2 of the sentencing guidelines instructs us that an assault of a prison employee is a “crime against public safety.” MCL 777.16j. Part 3 instructs us to score OV 13 because MCL 777.22(5) states, “For all crimes against public safety, score offense variable[] ... 13 ....” And part 4, specifically MCL 777.43(1)(c), instructs us not to assess 25 points for OV 13 because 25 points are to be assessed pursuant to this provision only when the sentencing offense is “part of a pattern of felonious criminal activity involving 3 or more crimes against a person,” and assault of a prison employee is not a “crime against a person” since part 2 has already instructed us that assault of a prison employee is a “crime against a public safety.”
The partial dissent, however, would hold that while an assault of a prison employee is a “crime against public safety” for purposes of parts 2 and 3, it is a “crime against a person” for purposes of part 4. Contrary to the partial dissent, nothing within any part of chapter XVII instructs us to construe the language “crime against a person” in such an inconsistent manner. Part 2 instructs us what comprises “crimes against a person,” and there is no obvious reason to depart from this understanding once we reach part 4. In other words, there is no basis for concluding, as the partial dissent does, that although an assault of a prison employee is not a “crime against a person” for purposes of parts 2 and 3, it is such a crime for purposes of part 4.
*436 The partial dissent asserts that its basis for doing this is because “the plain language limits the applicability of MCL 777.5 to ‘part 2’. . . .” Post at 445 n 12. However, this is not so. MCL 777.5 does not in any way limit itself to part 2. Rather, MCL 777.5, which is found in part 1 of chapter XVII, lists the six offense categories and states that “[t]he offense categories are designated in part 2 of this chapter . ...” As explained earlier, part 2 designates which felonies fall into which offense categories. Thus, MCL 777.5 instructs us that “the offense categories are designated in part 2”; it does not state that the offense categories are only to be used in part 2. Indeed, such a limitation would not even make sense because part 2 only tells us which felonies fall into which offense categories. If the offense categories only applied to part 2, the offense categories would serve no purpose at all. Indeed, the partial dissent’s assertion that the offense categories only apply to part 2 is patently inconsistent with its own conclusion that the “sole purpose served by the offense categories in our legislative sentencing scheme is determining which of the 20 offense variables are to be scored,” post at 444 (emphasis added), because it is part 3, not part 2, of chapter XVII that instructs us which offense variables are to be scored for each offense category. That is, if the offense categories are only to be used in part 2, as the partial dissent asserts, why does that same opinion also allow use of the offense categories in part 3? And given that the partial dissent allows use of the offense categories in parts 2 and 3, why does it not also allow use of the offense categories in part 4?
The partial dissent suggests that it would allow use of the offense categories in part 4 if, for example, MCL 777.43(l)(f) stated “that a court should assess 5 points when the offense was part of a pattern of felonious criminal activity involving three or more crimes classi *437 fied as a crime against property or in the offense category of crimes against a person.” Post at 448-449 (emphasis in the original). However, as this Court explained in Robinson v City of Lansing, 486 Mich 1, 16; 782 NW2d 171 (2010), “the Legislature is not required to be overly repetitive in its choice of language.” That is, the Legislature should not be required to repetitively restate “classified as a crime against property” everywhere throughout the entire chapter. Such repetition is not required of the Legislature in order for it to communicate its intentions. Instead, I believe that a reasonable person reading this chapter would understand quite clearly that “crimes against a person” means those “crimes classified as crimes against a person.” Indeed, even the partial dissent concedes that “crimes against a person” in part 2 means “crimes classified as crimes against a person.” In view of this concession, it is difficult to understand why the partial dissent believes that “crimes against a person” in part 4 of this very same chapter means something other than “crimes classified as crimes against a person.” It is entirely commonsensical that “unless the Legislature indicates otherwise, when it repeatedly uses the same phrase in a statute, that phrase should be given the same meaning throughout the statute.” Robinson, 486 Mich at 17, citing Paige v Sterling Hts, 476 Mich 495, 520; 720 NW2d 219 (2006) (indicating that “absolutely identical phrases in our statutes” should have identical meanings); see also People v Wiggins, 289 Mich App 126, 131; 795 NW2d 232 (2010) (“Given that identical language in various provisions of the same act must be construed identically, [People ex rel Simmons v Munising Twp, 213 Mich 629, 633; 182 NW 118 (1921)], we conclude that only crimes with the offense category designated as ‘person’ under MCL 777.11 to MCL 777.18 can be *438 considered ‘crimes against a person’ for purposes of scoring OV 12 pursuant to MCL 777.5 and MCL 777.6.”).
Contrary to the partial dissent, the majority’s analysis does not render the Legislature’s command in MCL 777.22(5) to score OV 13 “[f]or all crimes against public safety” “nugatory.” Post at 442. Nor does the majority “disregardü unequivocal proof that the Legislature ‘intended to allow courts to consider crimes within all the offense categories when scoring OV 13.’ ” Post at 447, quoting ante at 428. Instead, the partial dissent fails to grasp the significant distinction between the Legislature directing sentencing courts to score OV 13 “[f]or all crimes against public safety,” and indeed, for all crimes, MCL 777.22, and the Legislature directing sentencing courts to count all crimes as “crimes against a person” for purposes of determining how many points should be assessed under OV 13. Although the Legislature has directed the former, it has not directed the latter. That is, while the Legislature has directed sentencing courts to always score OV 13, regardless of the sentencing offense, it has not directed sentencing courts to always assess 25 points for OV 13, regardless of the sentencing offense. Instead, the Legislature has directed sentencing courts to only assess 25 points under MCL 777.43(l)(c) when the sentencing “offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person[.]” Therefore, when the sentencing offense is a “crime against public safety,” as in this case, MCL 777.22(5) directs us to score OV 13, and MCL 777.43(l)(c) directs us to not assess 25 points for OV 13 because 25 points can only be assessed under this provision when the sentencing offense is a “crime against a person.” And because no other provision of MCL 777.43(1) is applicable, MCL 777.43(1)(g) directs *439 us to assess zero points for OV 13.[1] When zero points are assessed for OV 13, as they should be in this case, *440 the variable is “score[dj” as is required by MCL 777.22(5). That is, assessing zero points for OV 13 is in no way inconsistent with the command in MCL 777.22(5) to score OV 13 “[f]or all crimes against public safety . . ..”
Further, the partial dissent’s contention that, under the majority’s analysis, the score for OV 13 can never be anything but zero points when the sentencing offense is a “crime against public safety” is simply wrong. Suppose, for example, that a defendant repeatedly assisted prisoners in escaping from prison in violation of MCL 750.183 so that these prisoners would join defendant’s gang. Although this offense is a “crime against public safety,” MCL 777.16j, 25 points could be assessed for OV 13 under MCL 777.43(1)(b) because the sentencing offense was “part of a pattern of felonious criminal activity directly related to causing, encouraging, recruiting, soliciting, or coercing membership in a gang. . . .” There is nothing “illogical” about the Legislature’s directive to score OV 13 “[f]or all crimes against public safety,” MCL 777.22(5), but not to assess 25 points for OV 13 under MCL 777.43(1)(c) unless the sentencing offense is a “crime against a person.” Post at 447.
Similarly, the partial dissent is wrong in its assertion that, under the majority’s analysis, a conspiracy could never be counted when scoring OV 13 because a conspiracy is a “crime against public safety,” MCL 777.18, and thus the Legislature’s directive in MCL 777.43(2)(i) not to count a conspiracy in certain circumstances, would be completely unnecessary. To the contrary, under the majority’s analysis, a conspiracy could be counted when scoring OV 13 if, for example, a defendant repeatedly conspired to threaten to harm persons who withdrew from his gang. In that situation, the *441 conspiracy could be considered “part of a pattern of felonious criminal activity directly related to . . . communicating a threat with intent to deter, punish, or retaliate against another for withdrawing from a gang[.]” MCL 777.43(1)(b). Once again, the Legislature’s directive in MCL 777.43(2)(f) not to count conspiracy in certain circumstances is in no way rendered meaningless under the majority’s analysis of OV 13, and once again there is nothing that the majority has “disregard[ed].” Post at 447.
For these reasons, and for the additional reasons articulated in the majority opinion, I concur in the majority’s conclusion that zero points should have been assessed for OV 13. And because this scoring error altered his guidelines range, defendant is entitled to be resentenced. People v Francisco, 474 Mich 82, 89-91; 711 NW2d 44 (2006). That is, defendant is entitled to be sentenced in accordance with the sentencing guidelines, and the Legislature is entitled to have its sentencing guidelines taken seriously. In particular, the Legislature is entitled to define crimes as it sees fit, classify and categorize crimes as it sees fit, and establish terms of punishment for crimes as it sees fit without being countermanded by this Court.
CAVANAGH and MARILYN KELLY, JJ., concurred with Markman, J.

 The partial dissent argues that zero points cannot be assessed for OV 13 here because MCL 777.43(1)(g) directs us to assess zero points for OV 13 only when “[n]o pattern of felonious criminal activity existed,” and such a pattern clearly existed here. However, the partial dissent again fails to read the statute in context. Although defendant may have engaged in a “pattern of felonious criminal activity” as that phrase is commonly understood, he did not engage in the kind of “pattern of felonious criminal activity” that the Legislature has indicated is deserving of having points assessed under OV 13. That is, defendant did not engage in a “pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age,” MCL 777.43(1)(a); he did not engage in a “pattern of felonious criminal activity directly related to causing, encouraging, recruiting, soliciting, or coercing membership in a gang or communicating a threat with intent to deter, punish, or retaliate against another for withdrawing from a gang,” MCL 777.43(1)(b); he did not engage in a “pattern of felonious criminal activity involving 3 or more crimes against a person,” MCL 777.43(1)(e); he did not engage in a “pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property or a violation of section 7401(2)(a)(i) to (iii) or section 7403(2)(a)(i) to (iii) of the public health code, 1978 PA 368, MCL 333.7401 and 333.7403,” MCL 777.43(l)(d); he did not engage in a “pattern of felonious criminal activity involving a combination of 3 or more violations of section 7401(2)(a)(i) to (iii) or section 7403(2)(a)(¿) to (iii) of the public health code, 1978 PA 368, MCL 333.7401 and 333.7403,” MCL 777.43(1)(e); and he did not engage in a “pattern of felonious criminal activity involving 3 or more crimes against property,” MCL 777.43(1)(f). Because defendant did not ehgage in any of the preceding “pattern[s] of felonious criminal activity,” and because MCL 777.43(1) directs us to score OV 13 “by determining which of the [these provisions] apply and by assigning the number of points attributable to the one that has the highest number of points,” we must assess zero points for OV 13 here. Assessing zero points is the only way to be “faithful to the legislative command that OV 13 must be accurately scored for every crime covered by the guidelines.” Post at 448 (emphasis in the original). However, I do agree with the partial dissent that a “pattern of felonious criminal activity” that cannot be scored under OV 13 or any other offense variable may well constitute a “substantial and compelling” reason to justify an upward departure from the recommended minimum sentence range under the sentencing guidelines. People v Babcock, 469 Mich 247, 257-258 & n 12; 666 NW2d 231 (2003).