# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 25, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

130045

STURGIS BANK AND TRUST COMPANY,
Conservator of the Estate of Tanya E. Walling,
a legally incapacitated individual,
          Plaintiff-Appellee,

v

                                        SC: 130045
                                        COA: 261767
                                        Hillsdale CC: 03-000608-NH

HILLSDALE COMMUNITY HEALTH CENTER,
          Defendant-Appellant.

_____/

        On January 11, 2007, the Court heard oral argument on the application for leave to appeal the October 27, 2005 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

        CAVANAGH, J., concurs and states as follows:

        I concur in the denial of leave to appeal in this case. I write only to point out the accuracy of the following statement of the Court of Appeals, despite Justice Corrigan's questioning of that statement, *post* at 2:

> While [MCL 600.]2169(1) sets forth requirements or qualifications for an expert witness, [MCL 600.]2169(2) is not a set of requirements or qualifications; rather, it is the method by which the court *evaluates* whether an expert is qualified, and it directs the court to take into consideration the four factors listed therein. [*Sturgis Bank & Trust Co v Hillsdale Community Health Ctr*, 268 Mich App 484, 492 (2005).]

The Court of Appeals statement is in accord with the majority opinion in *Woodard v Custer*, 476 Mich 545, 572-574 (2006). While Justice Corrigan is correct that the witness will ultimately require assessment by the trial court before testifying at trial, the

criteria in MCL 600.2169(2) are not "requirements" that the affiant must "meet" when executing an affidavit of merit. It would be difficult to have a reasonable belief that the affiant "meets" any of the four criteria as they are denoted in MCL 600.2169(2):

> In determining the qualifications of an expert witness in an action alleging medical malpractice, the court shall, at a minimum, evaluate all of the following:
>
> > (a) The educational and professional training of the expert witness.
> >
> > (b) The area of specialization of the expert witness.
> >
> > (c) The length of time the expert witness has been engaged in the active clinical practice or instruction of the health profession or the specialty.
> >
> > (d) The relevancy of the expert witness's testimony.

Rather, after an expert witness meets the true "criteria," which are set forth in MCL 600.2169(1), the trial court may have reason to *further* assess the admissibility of the expert witness's testimony at trial under MCL 600.2169(2).

CORRIGAN, J., dissents and states as follows:

I would grant defendant's application for leave to appeal. In this medical malpractice case, the Court of Appeals establishes that the plaintiff's expert who submits the affidavit of merit required by MCL 600.2912d need only meet the matching requirements in MCL 600.2169(1), but not the remaining requirements for medical experts listed in the other sections of MCL 600.2169. *Sturgis Bank & Trust Co v Hillsdale Community Health Ctr,* 268 Mich App 484 (2005). The Court of Appeals unnecessarily invents the proposition that a medical malpractice action consists of two stages with different requirements for the qualification of experts. Most significantly, its holding appears to violate the language of MCL 600.2912d(1), which states that "the plaintiff in an action alleging medical malpractice . . . shall file with the complaint an affidavit of merit signed by a health professional *who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under section 2169.*" (Emphasis added.)

The mandate in MCL 600.2912d(1) is not limited to the attorney's reasonable belief that the expert merely meets the requirements in MCL 600.2169(1). Moreover, I question the Court of Appeals conclusion that the criteria in § 2169(2) cannot constitute "requirements" for purposes of § 2912d(1) because they merely provide "the method by which the court *evaluates* whether an expert is qualified" by directing the courts "to take into consideration the four factors listed therein." *Sturgis Bank, supra* at 492. Certainly

an expert is ultimately *required* to be qualified by the trial court under § 2169(2). Further, I question Justice Cavanagh's conclusion that "[i]t would be difficult to have a reasonable belief that the affiant 'meets' any of the four criteria as they are denoted in MCL 600.2169(2)[.]" To the contrary, an attorney clearly may form a belief regarding whether an expert may qualify to offer his proposed testimony because of his "educational and professional training," his "area of specialization," "[t]he length of time the expert witness has been engaged in the active clinical practice or instruction of the health profession or the specialty, and "[t]he relevancy of the expert witness's testimony." MCL 600.2169(2)(a) to (d). Similarly, I question the Court of Appeals contention that acknowledging the criteria in § 2169(2) would require "minitrials . . . concerning the validity of an affidavit of merit" to any unusual degree. *Id.* at 493. MCL 600.2912d does not require a plaintiff to *prove* that his expert qualifies under § 2169. It merely requires a plaintiff to show that his attorney reasonably believed that the expert would meet the requirements.

To illustrate, an affidavit of merit must include the affiant's statement that "[t]he manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice." MCL 600.2912d(1)(d). In the case before us, it would take very little to prove or disprove the reasonableness of the belief of plaintiff's attorney that the nurses who provided affidavits of merit would qualify to offer relevant testimony — on the basis of their educational and professional training and length of experience — regarding whether the alleged breaches of the standard of care were the proximate cause of the injuries alleged in the notice. The alleged breaches consisted of failures of defendant's nursing staff to properly prevent the patient from falling out of her hospital bed. In the notice plaintiff filed pursuant to MCL 600.2912b, plaintiff claimed that these breaches caused "serious and permanent injuries." The complaint clarified that the "serious and permanent injuries" consisted of "severe closed head injury, intra cranial injury, brain damage and unconsciousness" as well as "[i]mpaired cognitive functioning."[1] Indeed, the nurse affiants were unable to address whether the alleged negligence of defendant's nursing staff caused serious and permanent injuries to the patient's brain, although the affiants appeared qualified to address the standard of care. Plaintiff does not argue that its attorney reasonably believed otherwise.

Plaintiff attempted to rectify the problem by providing the affidavit of a neurologist who opined that the patient "sustained a closed head injury as a result of her fall from the hospital bed . . . and the neurological impairments and sequelae, as

---

[1] It is worth noting that the patient had been admitted to the hospital, before her fall, after a car accident. The emergency room report indicates that she was diagnosed with a closed head injury, among other things.

diagnosed in the subsequent medical records, were caused by the traumatic brain injury sustained in the fall." Although the trial court dismissed the case because the neurologist's affidavit was filed after the statutory limitations period expired, the Court of Appeals found the nurses' affidavits of merit, alone, sufficient and reinstated the case. Thus, in addition to ignoring the mandate in MCL 600.2912d(1) that an attorney must reasonably believe the affiant "meets the requirements for an expert witness under section 2169" — with no limitation merely to the matching requirements in § 2169(1) — the Court essentially permits a blatantly unqualified affiant to make statements regarding proximate cause. In other words, the Court concludes that an affidavit of merit may comply with MCL 600.2912d even if that affidavit does not contain a meaningful, relevant, or qualified statement of "[t]he manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice," as required by § 2912d(1)(d). This thwarts the purpose of the statute, as evident in its language, because it fails to put a defendant on notice of the nature and merit of the causation element of the claim.

Finally, in a case like this one where a single expert will not qualify to address both the standard of care and proximate causation, I find nothing in the language of MCL 600.2912d that prevents a plaintiff from filing two affidavits of merit. MCL 600.2912d(1) refers to "an" affidavit or "the" affidavit, which is signed by "a" health professional or "the" health professional. Michigan's rules of statutory construction establish that "[e]very word importing the singular number only may extend to and embrace the plural number," MCL 8.3b, "unless such construction would be inconsistent with the manifest intent of the legislature," MCL 8.3. Here, the Legislature's intent supports the use of multiple affidavits because the statute requires a plaintiff to present affidavits from experts who can address the relevant standard of care *and* proximate causation. In a case like this one, a neurologist will generally be unable to meet the professional matching requirements in MCL 600.2169(1) that would be necessary for him to address the appropriate standard of care and its breach. Likewise, a nurse will generally be unable to address the medical cause of brain damage and impaired cognitive functioning, particularly in a patient with a preexisting head injury. Thus, affidavits from two experts appear necessary in order for plaintiff to provide notice of the merits of his claim and proceed with his suit. I see no reason why multiple affidavits would in any way thwart the language or apparent purpose of MCL 600.2912d.

For these reasons, I would grant leave.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 25, 2007

t0723

Clerk