Per Curiam.
At issue is whether, under MCL 600.2912d(l), plaintiffs counsel could have reasonably believed that plaintiffs proposed expert witness, an ophthalmologist, was qualified to sign an affidavit of merit under MCL 600.2169 offered against defendant, an optometrist. Because we conclude that plaintiffs counsel could not have reasonably believed that an ophthalmologist is qualified to testify against an optometrist, we reverse the judgment of the Court of Appeals and remand this case to the trial court for the entry of a dismissal without prejudice.
I. FACTS AND PROCEDURAL HISTORY
Plaintiff brought this medical malpractice action against defendants, alleging that defendant Sidney Gilbert, an optometrist and agent of defendant D & R Optical Corporation, failed to perform glaucoma testing, as he should have, when he examined her. Plaintiff filed an affidavit of merit signed by an ophthalmologist. Defendant Gilbert filed an affidavit of meritorious defense signed by himself, claiming that he did perform glaucoma screening on plaintiff when he examined her, and defendant D & R filed a document stating that it was also relying on Gilbert’s affidavit.
The trial court concluded that plaintiff could have reasonably believed that an ophthalmologist could sign *454 the affidavit of merit and denied defendants’ motion for summary disposition. While the trial court recognized that an ophthalmologist “is not an optometrist,” it reasoned that had an optometrist signed the affidavit of merit, the optometrist would not have been able to attest to causation and that plaintiffs counsel therefore had a reasonable belief that the ophthalmologist was qualified to sign the affidavit of merit. The trial court also entered a default judgment against both defendants with regard to liability, ruling that Gilbert could not file a self-executed affidavit and that D & R could not file a valid affidavit by merely relying on an affidavit filed by another defendant.
On appeal, the Court of Appeals affirmed the judgment with respect to the sufficiency of plaintiffs affidavit, reversed the judgment with respect to the ruling that Gilbert could not submit a self-executed affidavit, and reversed the default judgment with regard to D & R because, although D & R had not filed an affidavit, the trial court erred in assuming that a default was required. Bates v Gilbert, unpublished opinion per curiam of the Court of Appeals, issued August 16, 2005 (Docket Nos. 252022, 252047, 252792, and 252793). The Court of Appeals majority concluded that plaintiffs counsel was faced with a “dearth of case law addressing the applicability of MCL 600.2169(1) to non-physician defendants in general and to optometrists specifically” and that plaintiffs counsel had a reasonable belief that an ophthalmologist could sign the affidavit of merit. Id. at 6. Presiding Judge DONOFRIO, in dissent, asserted that plaintiffs counsel could not have reasonably believed that plaintiffs affidavit was signed by a qualified expert because “[ojptometry and ophthalmology are two entirely separate health professions,” and thus there was no question that plaintiffs expert had not devoted a majority of his professional time to the *455 practice of the same health profession as that of defendant Gilbert. Id. at 2 (DONOFRIO, EJ., dissenting).
Defendants sought leave to appeal, and plaintiff sought leave to cross-appeal. This Court directed the clerk to schedule oral argument on whether to grant the applications or take other peremptory action.[1]477 Mich 894 (2006).
II. STANDARD OF REVIEW
This case involves the interpretation of MCL 600.2912d and MCL 600.2169. Statutory interpretation is an issue of law that is reviewed de novo. Woodard v Custer, 476 Mich 545, 557; 719 NW2d 842 (2006). The grant or denial of a motion for summary disposition is also reviewed de novo. McClements v Ford Motor Co, 473 Mich 373; 702 NW2d 166 (2005).
*456 III. ANALYSIS
A medical malpractice claim can be brought against any “licensed health care professional,” defined to include “an individual licensed or registered under article 15 of the public health code ... .” MCL 600.5838a(l)(b); MCL 600.2912(1);[2] Cox v Flint Bd of Hosp Managers, 467 Mich 1, 19; 651 NW2d 356 (2002). It is well established that a medical malpractice action may be commenced not only against physicians, but also against nonphysicians who come within the definition of “licensed health care professional,” such as nurses, medical technologists, physical therapists, and optometrists. Cox, supra at 19-20; Adkins v Annapolis Hosp, 420 Mich 87, 94-95; 360 NW2d 150 (1984); McElhaney v Harper-Hutzel Hosp, 269 Mich App 488, 490 n 3; 711 NW2d 795 (2006); Tobin v Providence Hosp, 244 Mich App 626, 670-671; 624 NW2d 548 (2001).
MCL 600.2912d(l) provides, in pertinent part:
[T]he plaintiff in an action alleging medical malpractice or, if the plaintiff is represented hy an attorney, the plaintiffs attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiffs attorney reasonably believes meets the requirements for an expert witness under section 2169. The affidavit of merit shall certify that the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiffs attorney concerning the allegations contained in the notice and shall contain a statement of each of the following:
*457 (a) The applicable standard of practice or care.
(b) The health professional’s opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice.
(c) The actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care.
(d) The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice. [Emphasis added.]
MCL 600.2169(1) provides:
In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and meets the following criteria:
(a) If the party against whom or on whose behalf the testimony is offered is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered. However, if the party against whom or on whose behalf the testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty.
(b) Subject to subdivision (c), during the year immediately preceding the date of the occurrence that is the basis for the claim or action, devoted a majority of his or her professional time to either or both of the following:
(i) The active clinical practice of the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed and, if that party is a specialist, the active clinical practice of that specialty.
(¿i) The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession in which the *458 party against whom or on whose behalf the testimony is offered is licensed and, if that party is a specialist, an accredited health professional school or accredited residency or clinical research program in the same specialty.
(c) If the party against whom or on whose behalf the testimony is offered is a general practitioner, the expert witness, during the year immediately preceding the date of the occurrence that is the basis for the claim or action, devoted a majority of his or her professional time to either or both of the following:
(i) Active clinical practice as a general practitioner.
(ii) Instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed. [Emphasis added.]
Thus, under § 2912d(l) and § 2169(l)(b)(i) and (ii), the plaintiffs counsel must reasonably believe that the expert selected by the plaintiff to address the applicable standard of practice or care in the affidavit of merit devoted a majority of his or her professional time during the year before the alleged malpractice to practicing or teaching the same health profession as the defendant health professional.
Although we recognize that, at the affidavit-of-merit stage, the plaintiffs counsel may have limited information available to ensure a proper “matching” between the plaintiffs expert and the defendant, and must therefore be allowed considerable leeway in identifying an expert affiant, Grossman v Brown, 470 Mich 593, 599; 685 NW2d 198 (2004), such leeway cannot be unbounded. The plaintiffs counsel must invariably have a reasonable belief that the expert satisfies the requirements of MCL 600.2169. Grossman, supra at 599.
*459 In determining the reasonableness of a counsel’s belief that the expert signing the affidavit of merit satisfies the requirements of MCL 600.2169, we examine the information available to the plaintiffs counsel when he or she was preparing the affidavit of merit. Grossman, supra at 599-600. In the instant case, it is undisputed that plaintiffs counsel was aware that plaintiffs expert, an ophthalmologist, had not practiced or taught optometry in the year preceding the alleged malpractice. Thus, the issue becomes whether plaintiffs counsel reasonably believed that ophthalmology is the “same health profession” as optometry. “Health profession” is defined in article 15 of the Public Health Code as “a vocation, calling, occupation, or employment performed by an individual acting pursuant to a license or registration issued under this article.” MCL 333.16105(2). Optometry and ophthalmology are two differently regulated and licensed health professions that address different problems. Optometry is defined and regulated by statute. MCL 333.17401 to 333.17437. MCL 333.17401(l)(b) provides:
“Practice of optometry” means 1 or more of the following, but does not include the performance of invasive procedures:
(i) The examination of the human eye to ascertain the presence of defects or abnormal conditions that may be corrected, remedied, or relieved, or the effects of which may be corrected, remedied, or relieved by the use of lenses, prisms, or other mechanical devices.
(ii) The employment of objective or subjective physical means to determine the accommodative or refractive conditions or the range of powers of vision or muscular equilibrium of the human eye.
(Hi) The adaptation or the adjustment of the lenses or prisms or the use of therapeutic pharmaceutical agents to correct, remedy, or relieve a defect or abnormal condition *460 or to correct, remedy, or relieve the effect of a defect or abnormal condition of the human eye.
(iv) The examination of the human eye for contact lenses and the fitting or insertion of contact lenses to the human eye.
(v) The employment of objective or subjective means, including diagnostic pharmaceutical agents by an optometrist who meets the requirements of section 17412, for the examination of the human eye for the purpose of ascertaining a departure from the normal, measuring of powers of vision, and adapting lenses for the aid of those powers.
“Ophthalmology,” on the other hand, although not specifically defined by statute, has been defined by Random House Webster’s College Dictionary (1997) as “the branch of medicine dealing with the anatomy, functions, and diseases of the eye.”[3] The practice of medicine is defined and regulated by MCL 333.17001 to 333.17084. “Practice of medicine” means “the diagnosis, treatment, prevention, cure, or relieving of a human disease, ailment, defect, complaint, or other physical or mental condition, by attendance, advice, device, diagnostic test, or other means, or offering, undertaking, attempting to do, or holding oneself out as able to do, any of these acts.” MCL 333.17001(l)(e). MCL 333.17Q01(l)(d) defines “physician” as “an individual licensed under this article to engage in the practice of medicine.”
Thus, while ophthalmologists are physicians who treat diseases of the eye, optometrists are not physicians and do not generally treat eye diseases or perform invasive procedures, but merely examine the *461 human eye to ascertain defects or abnormal conditions that can be corrected or relieved by the use of lenses.[4] We therefore conclude that ophthalmology is not the “same health profession” as optometry and that plaintiffs counsel could not have reasonably believed that optometry and ophthalmology are identical health professions.
In view of the clear language of the relevant statutes, the caselaw existent at the time plaintiffs attorney filed the affidavit of merit,[5] and the evident distinction between ophthalmology and optometry, we conclude that plaintiffs counsel could not have reasonably believed that an ophthalmologist was qualified under MCL 600.2169 to address the standard of practice or care applicable to an optometrist. Thus, plaintiffs affidavit of merit did not comply with the requirements of MCL 600.2912d(l).
*462 IV CONCLUSION
We hold that under the clear language of MCL 600.2912d(l) and MCL 600.2169(l)(b)(i) and (¿i), plaintiffs counsel must have reasonably believed that the expert selected by plaintiff to address the applicable standard of practice or care in the affidavit of merit devoted a majority of his or her professional time during the year before the alleged malpractice to practicing or teaching the same health profession as defendant Gilbert. Given the law at the time plaintiff filed her affidavit of merit, together with the fact that optometry is a health profession distinct from ophthalmology, plaintiffs counsel could not have reasonably believed that plaintiffs expert, an ophthalmologist, was qualified under MCL 600.2169 to address the standard of practice or care applicable to defendant, an optometrist. Because plaintiffs affidavit of merit did not comply with the requirements of MCL 600.2912d(l), defendants were entitled to a judgment as a matter of law.[6] *463 Accordingly, we reverse the judgment of Court of Appeals and remand this case to the trial court for the entry of a dismissal without prejudice.[7]
TAYLOR, C.J., and WEAVER, CORRIGAN, YOUNG, and Markman, JJ., concurred.

 We directed the parties to address
whether the requirements of MCL 600.2912d(l)(a)-(d) are satisfied if: (1) a plaintiff files a single affidavit of merit that is signed by a health professional who plaintiffs counsel reasonably believes is qualified under MCL 600.2169 to address the standard of care, but who is not also qualified to address causation; or (2) a plaintiff files a single affidavit of merit that is signed by a health professional who plaintiffs counsel reasonably believes is qualified under § 2169 to address causation, but who is not also qualified to address the standard of care. The parties shall also address whether § 2912d(l) permits or requires a plaintiff to file multiple affidavits, signed by different health professionals, when a single health professional is not qualified under § 2169 to testify about both the standard of care and causation.
Because we conclude that plaintiffs counsel could not have reasonably believed that an ophthalmologist is qualified to prepare an affidavit of merit regarding the standard of practice or care applicable to an optometrist, and thus failed to meet the first and most elementary statutory requirement, we need not address the remaining questions.

 MCL 600.2912(1) provides:
A civil action for malpractice may be maintained against any person professing or holding himself out to be a member of a state licensed profession. The rules of the common law applicable to actions against members of a state licensed profession, for malpractice, are applicable against any person who holds himself out to be a member of a state licensed profession.

 “Ophthalmologist” is defined as “a physician specializing in ophthalmology.” Random House Webster’s College Dictionary (1997).

 In Williamson v Lee Optical of Oklahoma, Inc, 348 US 483, 486; 75 S Ct 461; 99 L Ed 563 (1955), the United States Supreme Court held that “[a]n ophthalmologist is a duly licensed physician who specializes in the care of the eyes [while] [a]n optometrist examines eyes for refractive error, recognizes (but does not treat) diseases of the eye, and fills prescriptions for eyeglasses.”

 See, for example, Tate v Detroit Receiving Hosp, 249 Mich App 212, 220; 642 NW2d 346 (2002) (holding that an expert must match the board certification of the defendant regarding the area of practice at issue); Decker v Flood, 248 Mich App 75, 83-84; 638 NW2d 163 (2001) (holding that the plaintiffs’ belief that their expert, an endodontist, was qualified under MCL 600.2169 to offer expert testimony on the standard of care applicable to the defendant, a general practice dentist, was unreasonable because the expert’s qualifications did not match the qualifications of the defendant); Greathouse v Rhodes, 242 Mich App 221, 231; 618 NW2d 106 (2000), rev’d in part on other grounds 465 Mich 885 (2001) (holding that “among other things, [MCL 600.2169] requires that the expert’s practice, teaching, and certification qualifications be precisely ‘matched’ with those of the defendant. Absent a proper ‘match’ the expert may not be presented in support of a litigant’s case or defense.”).

 We are perplexed by the dissent’s criticism that this opinion is “deficient in that it leaves plaintiff unaware with respect to how to successfully continue to prosecute this medical malpractice action.” Post at 463. All that is necessary on plaintiffs part, as with a party in any other case, is to abide by controlling statutes and controlling caselaw from this Court and the Court of Appeals. We are further perplexed by the dissent’s suggestion that “by ignoring the question in the present case and denying leave in Sturgis [Bank & Trust Co v Hillsdale Community Health Ctr, 268 Mich App 484; 708 NW2d 453 (2005)],” this Court implicitly accepts the reasoning in Sturgis. Post at 465-466. “The denial of an application for leave to appeal is ordinarily an act of judicial discretion equivalent to the denial of certiorari. It is held that the denial of the writ of certiorari is not equivalent of an affirmation of the decree sought to be reviewed.” Malooly v York Heating & Ventilating Corp, 270 Mich 240, 247; 258 NW 622 (1935). Thus, the only implication of this Court’s decision to deny leave to appeal in Sturgis is that a majority of this Court, including the two dissenting justices in this case, were “not persuaded that the questions presented should [then have been] reviewed by this Court.” Sturgis Bank & Trust Co v Hillsdale Community Health *463 Ctr, 479 Mich 854; 735 NW2d 206 (2007). That is, the Court “expresseld] no present view with respect to the legal questions dealt with in the opinion of the Court of Appeals.” Frishett v State Farm Mut Automobile Ins Co, 378 Mich 733, 734 (1966).

 In light of our holding in Kirkaldy v Rim, 478 Mich 581; 734 NW2d 201 (2007), that a medical malpractice complaint that is filed with an affidavit of merit that is later determined to be defective nonetheless tolls the period of limitations, the proper remedy is dismissal without prejudice. Plaintiff may use the remainder of the statutory limitations period to file a new complaint, accompanied by an affidavit of merit that conforms to the requirements of MCL 600.2912d(l).