CAVANAGH, J.
(concurring in part and dissenting in part). While I agree with the majority that plaintiff could not have had a reasonable belief that an ophthalmologist could make a statement in an affidavit of merit regarding the standard of care applicable to the defendant optometrist, I write to comment on the absurdity of not explaining to plaintiff how she can meet the requirements set forth in MCL 600.2912d(l). Thus, I dissent on the ground that the majority opinion is deficient in that it leaves plaintiff unaware with respect to how to successfully continue to prosecute this medical malpractice action.
When a plaintiff claims medical malpractice, the plaintiff must file an affidavit of merit that is signed by a health professional who the plaintiff believes meets the requirements set forth in MCL 600.2169(1) and that meets the following additional criteria:
The affidavit of merit shall certify that the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiffs attorney *464 concerning the allegations contained in the notice and shall contain a statement of each of the following:
(a) The applicable standard of practice or care.
(b) The health professional’s opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice.
(c) The actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care.
(d) The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice. [MCL 600.2912d(l).]
For the reasons the majority states, the proffered ophthalmologist cannot make a statement in an affidavit of merit with respect to the standard of practice or care applicable to the defendant optometrist. Presumably, plaintiff will need to procure an optometrist for this purpose. But the question remains whether an optometrist would be qualified to make a statement regarding proximate cause in an affidavit of merit. If not, the affidavit would fail to satisfy another subsection of the statute, MCL 600.2912d(l)(d).
When this Court entered an order granting oral argument on the applications for leave to appeal, we specifically directed the parties to address the following issues:
[W]hether the requirements of MCL 600.2912d(l)(a)-(d) are satisfied if: (1) a plaintiff files a single affidavit of merit that is signed by a health professional who plaintiffs counsel reasonably believes is qualified under MCL 600.2169 to address the standard of care, but who is not also qualified to address causation; or (2) a plaintiff files a single affidavit of merit that is signed by a health professional who plaintiffs counsel reasonably believes is qualified under § 2169 to address causation, but who is not also *465 qualified to address the standard of care. The parties shall also address whether § 2912d(l) permits or requires a plaintiff to file multiple affidavits, signed by different health professionals, when a single health professional is not qualified under § 2169 to testify about both the standard of care and causation. [477 Mich 894, 894-895 (2007).]
Through these questions, this Court signaled its awareness of the conundrum that arises in situations such as that presented by this case and that presented in Sturgis Bank & Trust Co v Hillsdale Community Health Ctr, 268 Mich App 484; 708 NW2d 453 (2005), oral argument on application for leave to appeal granted 477 Mich 874 (2006). In Sturgis, both the alleged negligent employees of the defendant and the affiant were nurses, and it was argued that a nurse cannot testify regarding causation. Today, this Court denies the application for leave to appeal in Sturgis, 479 Mich 854 (2007), while at the same time releasing an incomplete decision in this case that fails to address the question that this Court asked and that the parties devoted their time and energy to answering.
I have no choice but to conclude that by ignoring the question in the present case and denying leave to appeal in Sturgis, this Court will permit plaintiff to submit an affidavit of merit, executed by an optometrist, in which the optometrist provides a statement regarding causation similar to the nurse’s statement regarding causation in Sturgis. Examining the sufficiency of the nurse’s statement regarding causation, the Court of Appeals stated, “[T]he issue whether plaintiffs affiants can substantively attest or address matters of causation is not a concern for the purposes of the ‘first stage’ of the litigation in which an affidavit of merit must be filed under § 2912d(l); rather, the issue can be pursued in later proceedings such as at trial.” Sturgis, supra at *466 494-495. If this Court does not agree with that reasoning, it had the opportunity to correct it in Sturgis, and, more importantly, it had the opportunity to address it in this case, in which the issue was briefed and argued and an opinion issued.
It is normally the case, as the majority points out, that denying an application for leave to appeal is not an affirmation of the reasoning of the lower court. See ante at 462-463 n 6. But under these unique circumstances, in which the question was squarely presented in two cases and this Court denied leave in one case while declining to answer the question in its opinion in the other case, it must be that whatever statement regarding causation the optometrist can provide would satisfy the requirements of MCL 600.2912d(l)(d). Anything else would be grossly unfair, considering that the statutory period of limitations will again begin to run, and if plaintiff files another affidavit that complies with Sturgis but is later determined to be insufficient by this Court, she could be deprived of her claim altogether despite her diligence in seeking the assistance of the appellate courts with respect to how to proceed.
KELLY, J., concurred with CAVANAGH, J.