*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KELLEY CREGO,

　　　　　Plaintiff-Appellant,

v

EDWARD W. SPARROW HOSPITAL
ASSOCIATION, SPARROW HEALTH
SYSTEM, SHIRLEY LIMA, M.D., and AMBER
MCLEAN, D.O.,

　　　　　Defendants-Appellees.

FOR PUBLICATION
April 16, 2019
9:10 a.m.

No. 338230
Ingham Circuit Court
LC No. 17-000031-NH

Before: CAVANAGH, P.J., and MARKEY and LETICA, JJ.

MARKEY, J.

In this medical malpractice action, plaintiff appeals by delayed leave granted the trial court's order granting summary disposition in favor of defendant Amber McLean, D.O. To the extent that plaintiff's claims against defendants Edward W. Sparrow Hospital Association and Sparrow Health System were based on vicarious liability arising from Dr. McLean's conduct, the court also summarily dismissed those claims. The trial court rejected plaintiff's affidavit of merit that had been executed by Steven D. McCarus, M.D., determining that the affidavit failed to satisfy the requirements of MCL 600.2912d(1) and MCL 600.2169(1)(b)(*i*). The court concluded that Dr. McCarus and Dr. McLean did not engage in the practice of the "same health profession" for purposes of MCL 600.2169(1)(b)(*i*), because Dr. McLean is a doctor of osteopathy and Dr. McCarus is a doctor of allopathy or medical doctor. Considering that the alleged malpractice concerns a laparoscopic hysterectomy, the relevant field of medicine implicated in this case is the specialty of obstetrics-gynecology. Because Dr. McLean and Dr. McCarus are both board-certified obstetrician-gynecologists (OB-GYNs), we hold that the trial court erred in refusing to honor plaintiff's affidavit of merit. The fact that Dr. McLean is a licensed osteopathic physician, a D.O. and Dr. McCarus is a licensed allopathic physician, an M.D., is not pertinent in analyzing MCL 600.2169(1)(b)(*i*). It is irrelevant because the specialty of obstetrics-gynecology governs the standard of practice or care under MCL 600.2169(1)(a). This in turn means that the only question to answer under MCL 600.2169(1)(b)(*i*) is whether Dr. McCarus, during the year immediately preceding the alleged act of malpractice, devoted a

-1-

majority of his professional time to the active clinical practice of obstetrics-gynecology. There is simply no dispute that Dr. McCarus did so. Accordingly, we reverse the trial court's ruling granting summary disposition of those claims related to Dr. McLean's alleged malpractice in performing the laparoscopic hysterectomy.

We review de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The construction of MCL 600.2169 presents a question of law subject to de novo review. *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006). "[T]his Court reviews a trial court's rulings concerning the qualifications of proposed expert witnesses to testify for an abuse of discretion." *Id.* A trial court abuses its discretion when its decision falls outside the range of principled and reasonable outcomes. *Id.* Additionally, "[a] trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

"When interpreting a statute, the primary rule of construction is to discern and give effect to the Legislature's intent, the most reliable indicator of which is the clear and unambiguous language of the statute." *Perkovic v Zurich American Ins Co*, 500 Mich 44, 49; 893 NW2d 322 (2017). Such language must be enforced as written, "giving effect to every word, phrase, and clause." *Id.* Further judicial construction is only permitted when statutory language is ambiguous. *York Charter Twp v Miller*, 322 Mich App 648, 659; 915 NW2d 373 (2018). When determining the Legislature's intent, statutory provisions are not to be read in isolation; rather, they must be read in context and as a whole. *In re Erwin Estate*, 503 Mich 1, 6; __ NW2d __ (2018).

MCL 600.2912d(1) requires a medical malpractice plaintiff to "file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under section 2169." And MCL 600.2169 provides in relevant part:

> (1) In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and meets the following criteria:

> (a) If the party against whom or on whose behalf the testimony is offered is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered. However, if the party against whom or on whose behalf the testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty.

> (b) [D]uring the year immediately preceding the date of the occurrence that is the basis for the claim or action, devoted a majority of his or her professional time to either or both of the following:

(*i*) The active clinical practice of the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed and, if that party is a specialist, the active clinical practice of that specialty.[1]

In *Woodard*, 476 Mich at 558-559, our Supreme Court construed the language in MCL 600.2169(1)(a), observing:

> Although specialties and board certificates must match, not *all* specialties and board certificates must match. Rather, § 2169(1) states that "a person shall not give expert testimony on the *appropriate* standard of practice or care unless . . . ." (Emphasis added.) That is, § 2169(1) addresses the necessary qualifications of an expert witness to testify regarding the "*appropriate* standard of practice or care," not regarding an inappropriate or irrelevant standard of medical practice or care. Because an expert witness is not required to testify regarding an inappropriate or irrelevant standard of medical practice or care, § 2169(1) should not be understood to require such witness to specialize in specialties and possess board certificates that are not relevant to the standard of medical practice or care about which the witness is to testify. . . . .
>
> Further, § 2169(1) refers to "the same specialty" and "that specialty." It does not refer to "the same specialties" and "those specialties." That is, § 2169(1) requires the matching of a singular specialty, not multiple specialties.

"[I]f a defendant physician is a specialist, the plaintiff's expert witness must have specialized in the same specialty as the defendant physician at the time of the alleged malpractice." *Woodard*, 476 Mich at 560-561. Moreover, under MCL 600.2169(1)(a), a proposed expert witness must hold the same board certification as the party against whom the testimony is offered. *Id.* at 562-563. But "the plaintiff's expert does not have to match all of the defendant physician's specialties; rather, the plaintiff's expert only has to match the one most relevant specialty." *Id*. at 567-568. And the one most relevant specialty is "the specialty engaged in by the defendant physician during the course of the alleged malpractice." *Id*. at 560.

Here, the requirements of Subsection (1)(a) were satisfied because the two doctors are both board-certified OB-GYNs. Indeed, the only "specialty" implicated in this case is obstetrics-gynecology, and application of MCL 600.2169(1)(a) requires matching credentials in that specialty field. There is no assertion that Subsection (1)(a) requires Dr. McCarus to be an osteopathic physician like Dr. McLean. And the relevant standard of practice or care associated with performing the laparoscopic hysterectomy is set by reference to the practice of obstetrics-gynecology.[2] Because plaintiff's affidavit of merit complies with Subsection (1)(a) of MCL

---

[1] Plaintiff does not claim that Dr. McCarus's affidavit satisfied Subsection (1)(b) under the teaching provision in Subsection (1)(b)(*ii*), which we have omitted. Plaintiff instead relies on Dr. McCarus's active clinical practice as an OB-GYN.

[2] Dr. McCarus averred in a separate affidavit that was prepared in response to defendants' motion for summary disposition that Dr. McLean was required "to follow the . . . nationally

600.2169, the next step in the analysis and the focal point of this appeal concern whether Subsection (1)(b)(*i*) was satisfied.

There appears to be agreement that Dr. McCarus's affidavit of merit satisfied the one-year, clinical-practice component of MCL 600.2169(1)(b)(*i*), but this agreement is only in regard to whether Dr. McCarus practiced obstetrics-gynecology during the one-year period. Defendants proceed to argue that Subsection (1)(b)(*i*) was not fully satisfied because the one-year, clinical-practice provision had to also be established in connection with the health profession of osteopathic medicine, and Dr. McCarus is an allopathic physician. We conclude that both defendants and the trial court misconstrue the demands of Subsection (1)(b)(*i*) of MCL 600.2169.

When examining Subsection (1)(b)(*i*) in context and together with Subsection (1)(a), it becomes evident that if matching credentials in satisfaction of Subsection (1)(a) are established, the very same question of matching credentials is not reexamined or revisited when analyzing compliance with Subsection (1)(b)(*i*). Rather, if Subsection (1)(a) is established by showing matching credentials, here board certification in the specialty of obstetrics-gynecology, the next step in the analysis entails a determination under Subsection (1)(b) as to whether the plaintiff's expert actually practiced or taught in the specialty matched under Subsection (1)(a) for the requisite period of time. Therefore, in this case, the only pertinent question regarding compliance with Subsection (1)(b)(*i*) is whether Dr. McCarus devoted a majority of his professional time to the active clinical practice of obstetrics-gynecology during the year immediately preceding the alleged act of medical malpractice. The answer to that question is a resounding, "Yes."

The heart or crux of our position regarding the interplay between Subsection (1)(a) and Subsection (1)(b) of MCL 600.2169 is that if the practice of a particular specialty must be examined in relation to Subsection (1)(a) and the standard of care, then the pertinent inquiry for purposes of Subsection (1)(b), assuming Subsection (1)(a) is satisfied, is whether the proposed expert taught or practiced *in the specialty field* for the one-year duration the statute requires. Subsection (1)(b) does not require re-evaluation of whether there are matching credentials. Whether a defendant and a plaintiff's expert practiced in the "same health profession," as that terminology is used in Subsection (1)(b)(*i*), need only be resolved when a specialty, board certified or otherwise, is not implicated under the facts of a particular case.

Once again, MCL 600.2169(1)(b)(*i*) provides that a health professional proffered as an expert must have devoted a majority of his or her time during the year immediately preceding the date of the alleged malpractice to "[t]he active clinical practice of the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed *and*, if that party is a specialist, the active clinical practice of that specialty." (Emphasis added.) Defendants place great reliance on use of the conjunctive "and" in Subsection (1)(b)(*i*), maintaining that it

---

recognized and nationally accepted Standard of Care for all Board-Certified OB-GYNs, regardless if [she is an] M.D.[] or D.O." This to us is a very important fact and, indeed, the reality in the practice of medicine.

reveals the Legislature's intent to require one year of active clinical practice in the same health profession *and* in the same specialty. It is true that the use of the term "and" generally reflects that two statutory clauses linked by the term must both be satisfied. *In re Koehler Estate*, 314 Mich App 667, 681-682; 888 NW2d 432 (2016). But this Court has also warned that the general rule should not be applied when it renders the construction dubious, and there is clear legislative intent to the contrary. *Id.* at 682; *Auto-Owners Ins Co v Stenberg Bros, Inc*, 227 Mich App 45, 50-51; 575 NW2d 79 (1997).

In our view, the use of the word "and" was simply the Legislature's attempt to clarify at the end of Subsection (1)(b)(*i*) that if, in fact, a specialist is involved, the one-year, clinical-practice requirement pertains to the specialty. We think it highly unlikely that the Legislature even envisioned or contemplated a scenario in which a specialty is successfully matched, yet there is a distinguishing feature in regard to the health professions practiced by the expert and party.[3] Stated otherwise, it is fair to surmise that the Legislature operated under the assumption that if specialties match, then the two health professionals at issue necessarily practice in the same health profession. Therefore, we cannot conclude that the Legislature's use of the word "and" in MCL 600.2169(1)(b)(*i*) reveals an intent to require active clinical practice for the requisite period in some field or discipline other than the matching specialty. Whether a board-certified OB-GYN is a D.O. or an M.D. is entirely meaningless for purposes of describing the standard of practice or care. The case at hand involves alleged malpractice in the performance of a laparoscopic hysterectomy, a medical procedure which falls squarely within the specialty of obstetrics-gynecology. When Subsection (1)(b)(*i*) is considered in context and together with Subsection (1)(a), defendants' position cannot be sustained.

Furthermore, indirectly and implicitly, the *Woodard* Court answered the question posed to this panel in the instant appeal. Discussing MCL 600.2169(1)(b), the Court stated:

> MCL 600.2169(1)(b) provides that if the defendant physician is a specialist, the expert witness must have "during the year immediately preceding the date of the occurrence that is the basis for the claim or action, devoted a majority of his or her professional time to either . . . the active clinical practice of that specialty [or][t]he instruction of students in an . . . accredited health professional school or accredited residency or clinical research program in the same specialty." Once again the statute refers to "the same specialty" and "that specialty," implying that only a single specialty must be matched. In addition, § 2169(1)(b) requires the plaintiff's expert to have "devoted a majority of his or her professional time" to practicing or teaching the specialty in which the defendant physician specializes. As we explained above, one cannot devote a "majority" of one's professional time to more than one specialty. Therefore, in order to be qualified to testify under § 2169(1)(b), the plaintiff's expert witness must have devoted a majority of his professional time during the year immediately preceding

---

[3] To be clear, we are proceeding on the assumption that osteopathic and allopathic physicians do not practice the same health profession. We take no substantive stance on that question.

the date on which the alleged malpractice occurred to *practicing or teaching the specialty* that the defendant physician was practicing at the time of the alleged malpractice, i.e., the one most relevant specialty. [*Woodard*, 476 Mich at 565-566 (alterations and omissions in original; emphasis added).]

Notably missing from the last sentence in this passage is any reference to an additional requirement that the plaintiff's expert and the defendant physician practice in the "same health profession."[4] And the following footnote in *Woodard* adds further support:

> If the defendant physician is not a specialist, § 2169(1)(b) requires the plaintiff's expert witness to have "during the year immediately preceding the date of the occurrence that is the basis for the claim or action, devoted a majority of his or her professional time to either . . . [t]he active clinical practice of the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed [or][t]he instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed . . . ." [*Woodard*, 476 Mich at 565-566 n 11 (alterations and omissions in original).]

This footnote suggests that the "same health profession" language is only implicated when a specialist is not involved.

The case law cited by defendants and the trial court is simply inapposite relative to the precise issue posed in this appeal. The opinion in *McElhaney v Harper-Hutzel Hosp*, 269 Mich App 488; 711 NW2d 795 (2006), indicated that OB-GYNs could not offer expert testimony regarding the alleged negligence of a nurse mid-wife because they did not practice in the same health profession as required by MCL 600.2169. *McElhaney* did not involve a defendant who was a "specialist." The same can be said with respect to *Brown v Hayes*, 270 Mich App 491; 716 NW2d 13 (2006), rev'd in part on other grounds 477 Mich 966 (2006), which involved a failed attempt to rely on an expert who was a physical therapist when the defendants were occupational therapists. And in *Bates v Gilbert*, 479 Mich 451; 736 NW2d 566 (2007), the defendant was an optometrist, and the plaintiff sought, unsuccessfully, to rely on an affidavit of merit by an ophthalmologist. Again, the defendant was not a specialist. All of these cases had to focus exclusively on the "same health profession" language in MCL 600.2169(1)(b)(*i*) because the "specialist" and "specialty" language in that same provision was not even triggered. No party was a specialist. In the instant case, defendant Dr. McLean is a specialist in obstetrics and gynecology.

---

[4] We fully appreciate that the *Woodard* Court was addressing the issue of multiple specialties; however, the Court nonetheless devoted a section of its opinion to Subsection (1)(b), and the Court's omission of the "same health profession" language when speaking of a specialist is telling. *Woodard*, 476 Mich at 565-566.

Finally, we take note of the language in MCL 600.2169(2), which, in the process of determining the qualifications of an expert witness, requires a court to evaluate "[t]he length of time the expert witness has been engaged in the *active clinical practice* or instruction of the health profession ***or*** the specialty." MCL 600.2169(2)(c)(emphasis added). This language reinforces our view that with respect to the "active clinical practice" requirement in MCL 600.2169(1)(b)(*i*), the Legislature only demanded that an expert engage in the active clinical practice of the relevant specialty for the requisite period—no more, no less. Defendants' construction of MCL 600.2169(1)(b)(*i*) results in an internal inconsistency in the statute when taking into consideration the language in MCL 600.2169(2)(c). See *G C Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 421; 662 NW2d 710 (2003) (words in a statute should not be construed in isolation, but must be read together to harmonize their meaning; words and clauses should not be divorced from those which precede and those that follow); *Messenger v Dep't of Consumer & Indus Servs*, 238 Mich App 524, 533; 606 NW2d 38 (1999) (we should interpret a statute in a manner that achieves harmony between and among specific provisions in the statute).

In sum, we hold that the trial court erred in ruling that Dr. McCarus's affidavit of merit failed to satisfy the requirements of MCL 600.2169(1)(b)(*i*). In light of our ruling, we need not entertain arguments regarding the "reasonable belief" provision in MCL 600.2912d(1).

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. Having fully prevailed on appeal, plaintiff may tax costs under MCR 7.219.

/s/ Jane E. Markey
/s/ Mark J. Cavanagh